No. 23909.

GEORGE M. MOYA v. THE PEOPLE OF THE STATE OF COLORADO.
(484 P.2d 788)

Decided May 10, 1971.

EDWARD H. SHERMAN, Public Defender in and for the City and County of Denver, ISAAC MELLMAN, Special Assistant, RANDOLPH M. KARSH, Deputy, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, AUREL M. KELLY, Assistant, for defendant in error.

*In Department.*

Opinion by LAWRENCE THULEMEYER, District Judge.*

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.

PLAINTIFF in error, George M. Moya, was convicted of second degree murder in the Denver District Court. He brings error to reverse the judgement of conviction.

The only ground asserted for reversal concerns the giving of instruction No. 11, which was as follows:
"The Court instructs the jury that when a killing is done unlawfully with a deadly weapon, or weapon calculated to produce and actually producing death, malice may be legitimately inferred in the absence of proof that the act was done in necessary self-defense or upon sufficient provocation or cause, and you may infer from such fact that the act was voluntary and committed with malice aforethought."

Inasmuch as there is no contention of further error, we feel it unnecessary to detail all of the factual events leading up to the homicide. Suffice it to say that on January 19, 1968, the defendant and the victim, one Dan Leonard Perea, with other persons, had been together several hours during which they drank sporadically, engaged in heated discussions and were generally quarrelsome. The events culminated in considerable cursing back and forth, which apparently motivated defendant to obtain a bayonet from his home. He lunged with the bayonet in the direction of Perea, stabbing him in the chest, resulting in death from wounds to the aorta and to the heart.

Defendant was thereafter charged with first degree murder. He denied his guilt, basing his innocence on a lack of intent to kill, contending that death was inflicted accidentally and in self-defense. The court properly instructed the jury on defendant's theories of defense.

■ Instruction No. 11 properly sets forth the law that malice may be inferred where a homicide is committed by use of a deadly weapon or instrument in such a manner as would naturally and probably cause death. *Hampton v. People,* 171 Colo. 153, 465 P.2d 394; *Gonzales v. People,* 168 Colo. 545, 452 P.2d 46; *Balltrip v. People,* 157 Colo. 108, 401 P.2d 259; *Smith v. People,* 142 Colo.

523, 351 P.2d 457; *Armijo v. People,* 134 Colo. 344, 304 P.2d 633; *Power v. People,* 17 Colo. 178, 28 P. 1121. The jury was advised that the inference of malice is one of fact for jury determination from the evidence, and the instruction was properly given.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE LEE and DEAN C. MABRY, District Judge* concur.

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.