**Booker T. Washington BARKER, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Respondent-Appellee.**

**No. 71-1943**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 6, 1972.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Booker T. W. Barker, pro se.

Robert B. McGowan, Tampa, Fla. (court appointed) for petitioner-appellant.

Robert Shevin, Atty. Gen. of Fla., Tallahassee, Fla., P. A. Pacyna, Asst. Atty. Gen., Lakeland, Fla., for respondent-appellee.

Before BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Petitioner seeks review of a district court order denying his application for habeas corpus relief. We affirm the lower court's order in part and vacate and remand for an evidentiary hearing and reconsideration as to part.

Petitioner was indicted for murder in the first degree by a grand jury in Pinellas County, Florida. Petitioner first pleaded not guilty but then he changed his plea to guilty of murder in the second degree. He is now serving the minimum twenty year sentence.

On his petition for writ of habeas corpus, petitioner sought release on the following grounds:

1. The state prosecutor was formerly of the public defender's office, thus causing a conflict in petitioner's case.
2. The indictment in petitioner's case was improperly signed and sworn to.
3. The public defender was unqualified under state law to represent petitioner in a capital case.
4. The public defender did not adequately pursue petitioner's appeal.

The district court found that on this record, grounds one, two and three raised by petitioner were insufficient to merit relief. No error as to these three claims having been shown, the district court is affirmed as to its findings in respect thereto.

We are troubled by an inadequate record, however, in considering the petitioner's claim that the public defender was incompetent in pursuing his appeal on the judgment and sentence entered against him.

The present constitutional standard, to which we must adhere, for insuring that the effective assistance of counsel is guaranteed to a defendant upon his appeal from a criminal conviction where his attorney believes the appeal is without merit, was stated by the Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), wherein the Court said:

"The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*. The no-merit [brief] and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request

permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id*. at p. 744, 87 S.Ct. at 1400.

In considering whether the public defender's brief met these standards, it is important to consider the allegations that petitioner has made that the public defender who represented him at his trial refused to investigate the possibility that the crime for which petitioner was convicted and to which he pleaded guilty may have been the result of mishap or mistake, and that the public defender was too busy to devote adequate time to his defense. He says that the public defender held two interviews with him, one of five minutes and one of eight minutes duration—neither of which was sufficient time for petitioner adequately to explain the circumstances of the events to the attorney or to consider any defenses that petitioner might have to the charge.

These allegations seem to have been inadequately presented to the district court but their importance has been demonstrated to us by the assistance of counsel appointed by this Court. They are matters which require an evidentiary hearing. Without making any decision as to the merits of petitioner's claim, it appears to us that the ends of justice would be better served by vacating the denial of the petition and remanding to the district court for an evidentiary hearing regarding all of petitioner's claims as to his fundamental right to assistance of counsel.

Affirmed in part, vacated and remanded in part with directions.