MR. JUSTICE DAY
delivered the opinion of the Court.
Defendant-appellant, Rachel Bernice Gallegos, was convicted of second-degree murder and brings appeal to this court.
*240 The facts brought out at the trial were through the statements of the defendant plus inferences to be drawn therefrom. They reveal that defendant and decedent Manuel Perez were engaged in an all day argument which culminated with the decedent beating the defendant and inflicting'injury about her head, face, and arms. Defendant picked up a knife lying close by and struck at Perez inflicting a wound to his left chest. Defendant rushed Perez to the local hospital, but he expired from the stab wound.
Defendant Gallegos asserts two grounds for reversal: (a) insufficiency of the evidence to support either the giving of a second-degree instruction or the second-degree murder verdict, and (b) error in the admission into evidence of defendant’s statement. We find neither argument persuasive and affirm the trial court’s judgment.
It is axiomatic that malice may be inferred where homicide is committed by use of a deadly weapon or instrument in such a manner as would naturally and probably cause death. Moya v. People, 174 Colo. 435, 484 P.2d 788; Gonzales v. People, 168 Colo. 545, 452 P.2d 46; Armijo v. People, 134 Colo. 344, 304 P.2d 633. Defendant Gallegos, with little corroboration for any one of her conflicting statements, utilized a deadly weapon with considerable force — breaking off the blade in decedent’s chest. This evidence, in addition to other permissible inferences, justifies the jury’s finding the requisite element of malice. We agree with the defendant’s argument that the mere use of a deadly weapon without more does not necessarily infer malice. It is obvious, however, that the jury inferred more than mere usage in this particular instance. It is fundamental that the question of malice is one of fact for the determination of the jury from the evidence under appropriate instructions. Bertalotto v. People, 176 Colo. 557, 488 P.2d 1100. The force of the blow plus defendant’s statements which could put into question her credibility as to how or where she obtained the knife were sufficient bases upon which the trier of fact could and did determine the requisite malice.
On the question of the admissibility of defendant’s *241 statements, we have findings of the court, entered after an in camera hearing, that the statements were understandingly and voluntarily given and that defendant at the time had full knowledge of her rights. The findings are supported by the evidence. Defendant’s argument is answered by Reed v. People, 171 Colo. 421, 467 P.2d 809. See also People v. Hiles, 112 Colo. 463, 474 P.2d 153; Billings v. People, 171 Colo. 236, 466 P.2d 474.
Judgment is affirmed.