CALDWELL, Justice.
This cause is here for final disposition upon the petition for writ of habeas corpus and the respondent’s original and supplemental returns.
It appears the petitioner, Anthony Wayne Gentilli, was charged, in the Criminal Court of Record for Dade County, with robbery. Upon advice of counsel, he waived jury trial and pleaded not guilty by reason of insanity. The Court appointed two psychiatrists to examine petitioner but their findings are not indicated. The Court, on September 1, 1960, committed the petitioner to South Florida State Hospital where, over a period of seventeen months, he was subjected to psychiatric treatment. The commitment was in part as follows:
“It appearing unto the Court that the mental condition of the defendant, Anthony Wayne Gentillie, also known as Tony Gentilli, warrants psychiatric observation and evaluation, for which the county jail is without facilities, it is therefore * * * ordered and adjudged that the defendant * * * be received and admitted to the South Florida State Hospital for psychiatric observation, evaluation and limited treatment, if necessary, by the staff doctors of the said hospital for the period of time necessary to effect the evaluation as aforesaid * *
*420 On January 31, 1962, the hospital released the petitioner for trial and advised the Court that he was then without psychosis and capable of assisting counsel in his defense. The Court did not hold a hearing to determine the defendant’s mental condition prior to his trial on June 11, 1962, following which he was sentenced to life imprisonment. Upon arrival at the state prison, the petitioner was found to be mentally incompetent and was committed to the state hospital at Chattahoochee where he is now confined.
Petitioner contends, inter alia, he was not competent to assist in his defense. Respondent’s original and supplemental returns deny that petitioner was incompetent at the time of trial and assert that, since the order committing him to the mental institution for examination was not in fact an adjudication of insanity, there was no requirement that petitioner be adjudicated sane before trial. The returns advise that the records do not reveal and the parties involved do not recollect that any action was taken pursuant to F.S. § 917.01, F.S.A.
The question is whether the requirements of F.S. § 917.01, F.S.A., were met by the Court in determining whether the defendant was competent to assist in his trial. It is apparent the Court had reasonable ground to question the sanity of the defendant. That being so, the Court was required to ascertain, in the manner prescribed by the statute and prior to his trial, whether, in fact, the defendant was sane.[1] An examination of the record discloses that the requirements were not met and the petitioner was not afforded the substantive right of a sanity hearing before he was put upon trial and adjudged guilty.
The judgment and sentence are vacated and petitioner is discharged from custody thereunder. However, he shall be retained in custody by the respondent to be by him held and safely kept until further order of the appropriate court on the charge of the information pursuant to which he was originally incarcerated.[2]
It is so ordered.
DREW, C. J., and ROBERTS, THOR-NAL and O’CONNELL, JJ., concur.

. Hobbs v. Cochran, 143 So.2d 481 (Fla.1902); see Brock v. State, 69 So.2d 344, 346 (Fla.1954).

. Cash v. Culver, 122 So.2d 179 (Fla.1960); State ex rel. Fox v. Cochran, 126 So.2d 883 (Fla.1961).