173 So.2d 723 (1965)
Donald Ray PIEHL, Appellant,
v.
STATE of Florida, Appellee.
No. F-256.
District Court of Appeal of Florida. First District.
March 18, 1965.
Rehearing Denied April 26, 1965.
*724 Donald Ray Piehl, in pro. per.
Earl Faircloth, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellee.
CARROLL, DONALD K., Judge.
The appellant has taken this appeal from an order entered by the Circuit Court for Marion County, denying his motion for post-conviction relief filed pursuant to Florida Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
The correctness of that order in the light of the so-called "Gideon doctrine" is the question presented for our determination in this appeal.
On July 7, 1961, an information was filed against the appellant charging him with assault with intent to commit murder (a felony under Sec. 784.06, Florida Statutes, F.S.A.). On the same date he was arraigned, tried, convicted, and sentenced, the entire record of such proceedings being as follows:
"The defendant was less than 21 years of age. His parents were notified by registered mail of this arraignment. His parents replied that they could not be present.
"Now on this day comes the State of Florida by Wm. Randall Slaughter, State Attorney, who prosecutes for said State; comes also the defendant, Donald Ray Piehl, in proper person, and being duly and legally arraigned, entered a plea of guilty of the offense of assault with intent to commit murder, as charged in the Information. He was by the Court adjudged to be guilty of said offense. He was asked if he had anything to say why sentence of the law and judgment of the Court should not be passed upon him. He answered nothing.
"It is the sentence of the law and judgment of the Court that you, Donald Ray Piehl, for you [sic] said offense, be confined in the State Prison for a period of eight (8) years."
After conceding that the appellant "was sentenced without benefit of counsel," the State informs us in its appellate brief that on August 3, 1963, the appellant had filed a motion to vacate on the ground that he had not been provided an attorney at the arraignment, and that this motion was denied by the court. The said motion and the order denying it, however, are not set forth in the transcript of record filed in this appeal nor in any appendix filed by either party.
On November 9, 1963, the appellant filed in the said court a motion which he denominated "Amended Motion to Vacate Sentence, Judgment, and Information," which motion was denied by the court in the order appealed from herein, which order was entered on January 6, 1964. Both the said motion and order are set forth in the transcript of record filed in this appeal.
The appellant's said motion to vacate, filed on November 9, 1963, alleges substantially as follows: that at the time *725 of his arraignment the appellant was not presented with a copy of the information or indictment specifying the charges against him; that at such time he did not possess sufficient assets "with which to hire an attorney for the purpose of assisting him in the preparation of his defense" and so at such time he did not have an attorney to assist him; that the court did not appoint counsel for him as prescribed by the United States Constitution, and so he was "placed in the position of being confronted by a prosecuting attorney without the benefit of counsel."
The appellant further alleges in his said motion to vacate: that, upon the court's failure to appoint counsel, he pleaded guilty of the offense charged, which guilty plea was predicated upon the following factors: (a) that prior to his said arraignment he was not familiar with court procedure, matters of evidence, or criminal law; (b) that, when the court did not appoint counsel, "he was confronted with a mental image of prosecution at the hands of a powerful state, hostile and adverse witnesses, technical procedural matters of which he had no knowledge, fear of prejudice, a confused mental and emotional state, and the realization that he had no attorney to assist him in coping with these matters"; and (c) that "each of the foregoing circumstances discouraged and demoralized said defendant to the extent that he became oppressed and thereupon entered a Guilty plea."
In our opinion, the foregoing paraphrased and quoted averments in the appellant's said motion to vacate allege almost a classic case for post-conviction relief under the doctrine recognized by the United States Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), holding that the right to counsel in criminal cases in state courts in felony cases is one of the fundamental rights guaranteed by the 14th Amendment to the United States Constitution. Gideon had been convicted of a felony in a Florida court. The question whether the said holding is applicable to crimes other than felonies is not before us since in the case at bar the appellant was convicted of a felony under Florida law. In any event, the rule announced in the Gideon case has been followed in literally thousands of subsequent state and federal decisions.
The reasoning which underlies the so-called "Gideon doctrine" seems to fit exactly the situation alleged in the appellant's said motion. That reasoning was revealed when the Supreme Court in its Gideon decision declared that a defendant's "need for a lawyer is nowhere better stated than in the moving words of Mr. Justice Sutherland in Powell v. Alabama [287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158]" as follows:
"The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence."
In the order appealed from herein the court dismissed the appellant's said motion and denied the relief sought therein, upon the following grounds: that it appeared to the court that "the same question" *726 was presented by the same defendant in a prior motion, which was denied by the court's order entered on August 5, 1963; and that the court finds "nothing new in the Amended Motion which the Court has not already determined and had before it. * * *"
As mentioned early in this opinion, we are unable to review the foregoing finding because a copy of neither the said prior motion nor the order entered August 5, 1963, appears in the transcript of record or in any appendix filed in this appeal.
Either party to this appeal had the procedural right and opportunity to file directions or cross-directions directing the clerk of the Circuit Court to include copies of the said prior motion and the said order in the transcript of record, and either party could have included such copies in an appendix filed in this appeal. Their failure to bring before us such copies prevents us from considering the question whether in the order appealed from herein the court properly dismissed the appellant's said "amended motion" because therein he sought relief similar to that sought in the prior motion. That the dismissal is justified on such ground is the sole contention made by the appellee in its brief in its effort to uphold the order appealed from.
If we had before us the texts of the said prior motion and the order of August 5, 1963, which we do not, we would be confronted with the challenging problem of determining what our Supreme Court intended by including the following provision in Criminal Procedure Rule No. 1: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." We cannot believe that the Supreme Court meant thereby that once a prisoner's motion for post-conviction relief has been denied by the sentencing court, he is forever foreclosed from invoking his constitutional rights in a second motion  no matter how clearly he alleges the invasion of his constitutional rights. On the contrary, we are disposed to think that the Supreme Court intended in that provision to protect sentencing courts from the harassment of having to rule upon an endless stream of motions from the same prisoners repeating the same grounds for relief over and over again. With this purpose in mind, we are inclined to the view that a second motion for post-conviction relief on grounds substantially different from those stated in a previous motion for post-conviction relief, would not be "a second or successive motion for similar relief on behalf of the same prisoner" within the intendment of the quoted provision of the said rule. Our observations on this point, however, must be treated as pure obiter dictum since we are unable to compare the grounds of the two motions in this appeal, for the reasons above stated.
The key provisions of Criminal Procedure Rule No. 1, under which the validity of the order appealed from must be judged, are embodied in the following paragraph of the said rule:
"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."
*727 Applying the first clause of the first sentence in the quoted paragraph to the case at bar, we cannot find that "the motion and the files and records of the case conclusively show" that the appellant is entitled to no relief. On the contrary, it would be more nearly accurate to say that the motion, files, and record of this case conclusively show that the appellant is entitled to post-conviction relief. As we stated above, we think that in his "amended motion" the appellant alleges almost the classic case for relief under the "Gideon doctrine"  a minor child charged with the commission of a felonious crime, without knowledge or understanding of law, evidence, or court procedure, who was not offered the services of a court-appointed lawyer, who did not waive his right to the benefit of counsel, and who was arraigned, tried on his plea of guilty, convicted, and sentenced, all on the same day, without the benefit of counsel.
Under the Gideon doctrine, if the allegations in his motion and the recitals in the record are true, the appellant was entitled to the benefit of counsel at each of these four critical steps in the criminal proceedings (including this arraignment, as we construe and apply the rule announced in the recent decision of the Supreme Court of Florida in Sardinia v. State, 168 So.2d 674 [1964]).
The files and records of this case do not contradict these allegations in the appellant's motion, but rather are consistent with them. For instance, as quoted earlier in this opinion, the official record of the appellant's arraignment, trial, conviction, and sentence states that the appellant was then "less than 21 years of age," that his parents could not be present, that he appeared "in proper person," without any mention of his being offered counsel or of his waiver of counsel. Under these circumstances the trial court was duty-bound under the above-quoted provisions of Criminal Procedure No. 1, to grant a prompt hearing on the appellant's said motion and to follow the other procedures outlined in those provisions consequent upon such hearing.
Accordingly, the order appealed from is reversed and the cause is remanded with directions to grant a prompt hearing on the said motion at which the appellant or his court-appointed counsel shall be given a full opportunity to present evidence in support of the allegations of his said motion, and to otherwise follow the procedure provided for in the said Rule No. 1.
Reversed and remanded with directions.
STURGIS, C.J., and RAWLS, J., concur.