**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Louis Henton CARR, Defendant-
Appellant.**

**No. 18934.**

United States Court of Appeals,
Seventh Circuit.

Feb. 3, 1972.

Rehearing Denied March 21, 1972.

**17**

John D. Shullenberger, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., William J. Bauer, U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, KNOCH, Senior Circuit Judge, and GORDON, District Judge.*

PER CURIAM.

Louis H. Carr, convicted of violations of 26 U.S.C. § 4705(a) and 21 U.S.C. § 174 and sentenced to four concurrent terms of ten years each, has appealed charging that his conviction was improper and should be reversed because of (1) unreasonable pre-indictment delay, (2) lack of effective assistance of counsel and (3) improper instructions to the jury. He also seeks to have his sentence declared invalid based on his charges (1) that the district court abused its discretion by being unduly harsh and by not utilizing a presentence report in sentencing and (2) that the district court erroneously sentenced him pursuant to the terms of 26 U.S.C. § 7237(d) which prohibited the suspension of imposition or execution of sentence, rather than giving him the benefits of

---

* Judge Myron L. Gordon is sitting by designation from the United States District Court for the Eastern District of Wisconsin.

the repeal of that prohibition. We affirm the judgment of the district court.

■ The defendant's contentions with regard to the constitutional implications of pre-indictment delay have been disposed of in a manner adverse to him in United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). The Supreme Court there stated:

> [A]ppellees [have not] adequately demonstrated that the pre-indictment delay by the Government violated the Due Process Clause. No actual prejudice to the conduct of the defense is alleged or proven, and there is no showing that the Government intentionally delayed to gain some tactical advantage over appellees or to harass them. Appellees rely solely on the real possibility of prejudice inherent in any extended delay: that memories will dim, witnesses become inaccessible, and evidence lost. In light of the applicable statute of limitations, however, these possibilities are not in themselves enough to demonstrate that appellees cannot receive a fair trial. . . .

■ Defendant's argument that he did not have the effective assistance of counsel similarly lacks merit. The crux of this contention is the theory that defendant's retained counsel was so incompetent as to render defendant's trial invalid as violative of due process. The basis for the theory seems to be various alleged judgment and tactical errors committed by trial counsel. We have repeatedly stated that even where counsel is retained he may be so incompetent or his representation of his client so inadequate that the essential fairness of the proceedings is impugned. Wilson v. Phend, 417 F.2d 1197, 1200 (7th Cir. 1969); Lunce v. Overlade, 244 F.2d 108, 110 (7th Cir. 1957); United States ex rel. Feeley v. Ragen, 166 F.2d 976, 980–981 (7th Cir. 1948). However, as Judge (later Justice) Minton said in the *Ragen* case:

> If the action of counsel in the presence of the court in the conduct of the trial reduces the trial to a travesty on justice, such conduct might be considered on the proposition that such a trial was a denial of due process. The conduct of counsel in the trial of a case is that of only one of the officers of the court whose duty it is to see that the defendant receives a fair trial. He is only one of the actors in the drama. The best of counsel makes mistakes. His mistakes, although indicative of lack of skill or even incompetency, will not vitiate the trial unless on the whole the representation is of such low caliber as to amount to no representation and to reduce the trial to a farce. A fair appraisal of the record in this case does not remotely approach such a state. *Id.*

Similarly, the record before us provides no basis for reversal on this asserted ground. United States v. Bella, 353 F. 2d 718, 719 (7th Cir. 1965).

■ Defendant further urges that the giving by the trial judge of an instruction defining "reasonable doubt" constitutes reversible error. However, defendant made no objection to the giving of the instruction at trial and is foreclosed thereby from asserting that giving the instruction was error. Fed. R.Crim.P. 30; United States v. Furlong, 194 F.2d 1, 3 (7th Cir. 1952).

■■ Finally, the defendant's challenges to the propriety of his sentence must also fail. The trial judge could properly have sentenced the defendant to a term of five to twenty years on each count to be served consecutively. 26 U. S.C. § 4705(a); 21 U.S.C. § 174. The trial judge made clear that a basis, if not the basis, for his giving the defendant a lengthy prison sentence was concern over the magnitude and gravity of the problem of heroin traffic in urban areas. He did not abuse his discretion. Moreover, defendant is not entitled to the benefits of the repeal of the 26 U.S. C. § 7237(d) prohibition of probation. The defendant was resentenced pursuant to a prior order of this court on September 25, 1970. As the Ninth Circuit ob-

served in United States v. Pregerson, 448 F.2d 404, 406 (9th Cir. 1971): "The Controlled Substances Act, [21 U.S.C. §§ 801–966] Pub.L., No. 91–513 § 1101(a) (2), (b) (4) (A), 84 Stat. 1236, although passed by the Congress in October, 1970, repealing [26 U.S.C. § 7237(d)] did not become effective until May 1, 1971 [pursuant to § 704 of Pub.L. 91–513], and is of no help to respondent on this appeal."

For the foregoing reasons, the judgment of the district court is affirmed.