Joseph LEE, Jr., Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Respondent-Appellee.

No. 71-3230.*

United States Court of Appeals,
Fifth Circuit.

March 28, 1972.

Joseph Lee, Jr., pro se.

Robert Shevin, Atty. Gen., Tallahassee, Fla., Nelson E. Bailey, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Joseph Lee, Jr., a prisoner of the State of Florida, appeals from the district court's denial of his habeas corpus petition. Lee was convicted on trial by jury of murder in the first degree. He was sentenced on December 30, 1965, to life imprisonment by the Circuit Court of the Fifteenth Judicial Circuit of Florida. There was no direct appeal.

In his federal habeas petition, the appellant contended that (1) he was mentally incompetent at the time of his arraignment and trial, but was denied a hearing on the issue; and that (2) his court-appointed counsel was inadequate because he failed to present the defense of insanity during the trial.

Prior to filing this petition, Lee attacked his conviction by a Florida Rule 1.850, 33 F.S.A. motion filed in the trial court on August 1, 1967, which was denied. The denial of this motion was appealed and affirmed. Based on these facts, the district court ruled that Lee had exhausted his state remedies. On the merits, the district court rejected both of Lee's contentions holding that:

---

* [1] It is appropriate to dispose of this pro se case summarily pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5 Cir. 1969, 412 F.2d 981.

The record reveals that petitioner's mental condition was explored prior to trial by two qualified psychiatrists, both of whom concluded in written reports that petitioner was sane at the time of his arraignment and trial. The decision of petitioner's counsel not to pursue the defense of insanity at trial falls within the realm of trial counsel's strategy which under the circumstances here appears to have been a wise decision. The rule is that effective counsel does not mean errorless counsel or counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. United States v. Hayes, 5 Cir.1971, 444 F.2d 472; MacKenna v. Ellis, 5 Cir. 1960, 280 F.2d 592.

■ We affirm the court's disposition of the petitioner's inadequate counsel argument. However, we cannot agree with the court's rejection of Lee's other contention. Lee alleges that he was denied a hearing on the issue of his competence to stand trial as required by Florida law. See Gentilli v. Wainwright, Fla.Sup.Ct.1963, 157 So.2d 419. Such an allegation, if proved, could entitle Lee to federal habeas relief. See Carroll v. Beto, 5 Cir.1970, 421 F.2d 1065. The record before the court below was simply barren of any evidence indicating whether such a hearing was held.

The record revealed the following facts. Prior to his arrest and trial in Florida, Lee had been confined in mental institutions in Louisiana on two separate occasions, the last period of confinement being from January 8, 1959, to January 30, 1962. He was indicted for murder in Florida on October 8, 1965, and counsel was appointed to represent him. On October 14, 1965, counsel filed a "Notice of Defense of Insanity" as required by Florida law.

On December 15, 1965, the court issued an order appointing two psychiatrists to examine Lee to determine his competence to stand trial. Shortly thereafter the court amended its order to appoint only one psychiatrist. Thereafter, the record is silent. It does not reveal the results of the court-ordered examination nor does it indicate whether any formal hearing on competency was held as required by Florida law. See Fla.Stat.Ann. § 917.01. Lee alleges in his petition that no formal hearing was ever held.

The record does include two letters from psychiatrists describing examinations of Lee conducted two months *prior to his indictment* on October 8, 1965. Both of these examinations concluded that Lee was sane. However, there is no explanation of why these examinations were conducted or of why they are included in this record.[1] The chronology of events makes it plain that these examinations were not conducted pursuant to the court's order of December 14, 1965.

■ Thus, we conclude that the court below had no basis for denying Lee's contention that he was denied a hearing on the issue of his competence to stand trial. However, because we have concluded that the petitioner has never presented this argument to the Florida courts, the petition must be dismissed for failure to exhaust available state remedies. 28 U.S.C. § 2254(b). In Lee's previous Rule 1.850 motion to the trial court, he failed to argue that he was denied a hearing on the issue of competence. Thus, Lee is still entitled to bring a Rule 1.850 motion alleging this new ground for relief. See Piehl v. State, 173 So.2d 723 (D.C.A.). The original trial court is, of course, in the best position to determine whether Lee was improperly denied a hearing on the issue of his competence to stand trial. Moreover, the court below is precluded from considering Lee's contention until it has been presented to the state courts

---

1. The two letters are dated August 5 and 12, 1965. One of the letters makes reference to a case docketed as 2207–D. The docket number of the case with which we are presently concerned was 2235–F.

of Florida. Spencer v. Wainwright, 5 Cir.1968, 403 F.2d 778.

The order of the district court is affirmed in part, vacated in part, and the case is remanded with instructions to dismiss the petition for writ of habeas corpus without prejudice to the appellant, Lee, to reapply in the State court in which he was convicted.

Affirmed in part, vacated in part, and remanded with directions.