## No. 25374

## The People of the State of Colorado v. Wesley White
### (514 P.2d 69)

Decided September 17, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, John E. Bush, Assistant, Tennyson W. Grebenar, Assistant for plaintiff-appellee.

Epstein, Lozow and Preblud, Gary Lozow, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant-appellant, Wesley White, seeks reversal of an order which denied him post-conviction relief under Crim. P. 35(b). We reverse and remand to the trial court with directions that the guilty plea which the defendant entered to the charge of burglary and the nolo contendere pleas which the court accepted to charges of theft and theft by receiving be vacated. We further order that all charges against the defendant which were dismissed as part of the plea bargain be reinstated and that the defendant be permitted to plead anew.

The record in this case discloses that the defendant, although represented by retained counsel, was denied effective assistance of counsel and that the providency hearing did not measure up to constitutional standards. We have pronounced standards to determine whether a defendant was denied the effective assistance of counsel under certain circumstances. *People v. Moya,* 180 Colo. 228, 504 P.2d 352 (1972); *Steward v. People,* 179 Colo. 31, 498 P.2d 933 (1972). In this case, we clarify those standards and hold that when trial counsel fails to prepare his client's case and offers representation that is no more than a sham and a facade and constitutes a mockery of justice, the claim of incompetency of counsel is well-founded. *See Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). *See also United States v. Carr,* 459 F.2d 16 (7th Cir. 1972); *United States v. Garcia,* 450 F.2d 287 (9th Cir. 1971).

We have also spelled out the requirements of conducting a Crim. P. 11 providency hearing in a number of decisions. *People v. Alvarez,* 181 Colo. 213, 508 P.2d 1267 (1973); *People v. Canino,* 181 Colo. 207, 508 P.2d 1273 (1973); *People v. Randolph,* 175 Colo. 454, 488 P.2d 203 (1971); *Westendorf v. People,* 171 Colo. 123, 464 P.2d 866 (1970).

For the reasons hereinafter stated, we have concluded that the defendant was denied the effective assistance of counsel and that the providency hearing did not provide a factual basis to support the burglary plea which the defendant entered.

## I.

### Incompetency of Counsel

The record reveals that a construction worker purchased a tool box from a stand set up in the rear of a truck at the Flea Market in Arapahoe County. He observed that the seller seemed suspiciously nervous and wrote down the license plate number of the truck. When the worker later learned that the item which he had purchased was stolen, he called the police. From the license number, the police ascertained that the defendant owned the truck and resided at an address in Denver. Based upon the limited information which the construction worker supplied and the license plate check, the police obtained a warrant to search the defendant's residence. In the course of the subsequent search of the defendant's home, the police seized numerous items which provided the initial basis for the multiple charges.

Defense counsel was retained shortly after the defendant was arrested. He collected a fee at that time and additional fees on two subsequent occasions when the defendant was arrested on related charges. He held cursory conferences with the defendant after the first arrest and on the way to the courthouse for trial. He obtained the defendant's version of the events which led to the filing of the burglary, theft, and theft by receiving charges and was satisfied in his own mind that the defendant was not involved in any burglary. The defendant contended that he had stolen nothing and that he had innocently purchased or traded for each of the tools and items of personal property which provided the basis for the criminal charges. The facts which the defendant related to his lawyer, if true, could have provided a defense to the charges of burglary and theft and, under certain circumstances, to the charge of receiving.

However, defense counsel did not investigate the multiple

charges and did not attempt to interview any of the witnesses who were endorsed on the three separate informations. Moreover, he made no effort to verify the legitimacy of the defendant's justification for his possession of the stolen items.

Although the People's case depended largely upon items seized at the defendant's home pursuant to a search warrant, defense counsel openly admitted that he neither read nor considered the sufficiency of the affidavit which supported that warrant. Nor did he try to determine whether or not the search conducted complied with the commands of the warrant. In fact, White's attorney was not certain he had even read the search warrant.

The record not only indicates that defense counsel neglected investigation of the factual circumstances surrounding the defendant's story, the prosecution's case, and the police search, but also reveals that he failed to inform his client or himself of the elements of the crimes which the prosecution alleged that the defendant committed. At the Crim. P. 35(b) hearing, defense counsel freely acknowledged that although he was not familiar with the elements required to convict for possession of stolen property, he made no effort to research the law as to that crime.

Even though he had failed to investigate any relevant fact and was ignorant of the law, defense counsel urged the defendant to plead guilty to burglary, nolo contendere to theft, and nolo contendere to theft by receiving. Moreover, with no basis in fact, he advised the defendant that if he would enter the pleas which counsel directed, the court would probably grant probation, but would not grant probation if he went to trial.

The basic duty that every defense lawyer has is to serve as an advocate with learning, courage, and ability. *American Bar Association Standards for Criminal Justice Relating to The Defense Function* § 1.1(b). Defense counsel's failure in this case to investigate the facts, as well as his self-imposed ignorance of the law, breached that duty which is defined by the *American Bar Association Standards for*

*Criminal Justice Relating to The Defense Function:*
"4.1 Duty to investigate.

"It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty. The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities. The duty to investigate exists regardless of the accused's admissions or statements to the lawyer of facts constituting guilt or his stated desire to plead guilty."

██ Only through pre-trial preparation can the defendant be assured that facts will be discovered which will disclose potential defenses to a reasonably diligent and competent defense counsel. In the absence of adequate pre-trial investigation — both factual and legal — knowledgeable preparation for trial is impossible. Without knowledgeable trial preparation, defense counsel cannot reliably exercise legal judgment and, therefore, cannot render reasonably effective assistance to his client. U.S. Const. amend. VI. *Turner v. Maryland,* 303 F.2d 507 (4th Cir. 1962). *See also Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *Lee vWainwright,* 457 F.2d 771 (5th Cir. 1972). Such conduct constitutes nothing more than a pro forma entry and is a sham and a facade by which counsel misleads both his client and the court.

██ Whenever defense counsel commits errors at trial which are a direct result of inadequate pre-trial investigation or self-imposed ignorance of the law, his representation is incompetent and relief must be granted. Justice does not require errorless representation, but it does demand that counsel render reasonably effective assistance. In *Brubaker v. Dickson,* 310 F.2d 30 (9th Cir. 1962), the court said:

"This does not mean the trial counsel's every mistake in judgment, error in trial strategy, or misconception of law would deprive an accused of a constitutional right. Due process does not require 'errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely

to render *and rendering* reasonably effective assistance.' Determining whether the demands of due process were met in such a case as this requires a decision as to whether 'upon the whole course of the proceedings,' and in all the attending circumstances, there was a denial of fundamental fairness; it is inevitably a question of judgment and degree."

■ In attempting to justify the representation which he provided the defendant, defense counsel characterized his services as working out a deal with the district attorney. Defense counsel engineered his plea bargain just before trial when he was facing his defense obligation without the benefit of preparation on the law or the facts. Plea bargaining is a legitimate means for disposing of criminal cases, but it may not be utilized to subvert the truth or as a means of forcing a plea to an uncommitted crime. In *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the Court said:

"The State to some degree encourages pleas of guilty at every important step in the criminal process . . . . [Acceptance of pleas, however] . . . is based on our expectations that courts will satisfy themselves that pleas of guilty are voluntary and intelligently made by competent defendants with adequate advice of counsel and that there is nothing to question the accuracy and reliablity of the defendants' admissions that they committed the crimes with which they are charged . . . ."

The representation given to the defendant and the advice afforded to him in connection with the plea bargain falls short of that required of lawyers who defend criminal cases. *Tollett v. Henderson, supra; McMann v. Richardson, supra; Brady v. United States, supra.*

In *Colson v. Smith,* 438 F.2d 1075 (5th Cir. 1971), the facts were identical to those in this case. The plea there was entered just before trial, as it was in this case, with a lawyer appearing that did not meet his obligation to prepare for trial. In vacating the plea, the court said:

"For we believe that the evidence in this case supports the conclusions that counsel actively tried to convince petitioner

to plead guilty in the face of petitioner's repeated protestations of innocence; and to offset this evidence, there was no evidence that counsel's advice to plead guilty was based on any evaluation of petitioner's chances had he gone to trial. In other words, we do not have before us a case of 'reasonably competent' advice which, with the benefit of hindsight, turned out to be mistaken . . . ."

As the Fifth Circuit Court of Appeals concluded in the *Colson* case, we are of the opinion that on the record in this case, there is no way that an appellate court could find that counsel fulfilled his duty to ascertain that his accused client's plea of guilty was voluntarily and understandingly made.

▇ Justice cannot be the product of our courts under an adversary system if defense counsel fails to serve as an advocate who is competent and well prepared to represent his client. *American Bar Association Standards for Criminal Justice Relating to The Defense Function* § § 1.1(a) and 1.1(b). In reviewing the record in this case, we can only conclude that defense counsel fell far short of the minimum requirements of competency and thereby denied the defendant his right to the effective assistance of counsel.

## II.
### The Providency Hearing

▇ The record in this case does not show a factual basis for the defendant's plea to the crime of burglary. The *American Bar Association Standards for Criminal Justice Relating to Pleas of Guilty* § 1.6 provide:

"1.6 Determining accuracy of plea.

"Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as may satisfy it that there is a factual basis for the plea."

*See* Comment to § 1.6 for distinction between a plea of guilty and nolo contendere at the profidency hearing. *See also McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

Nothing in the record or the probation report provides a factual basis to prove that the defendant committed the

crime of burglary. Moreover, the defendant persistently, and even at the time sentence was imposed, denied his guilt of the burglary charge. This is not à case which parallels *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), where a guilty plea was sustained in spite of the defendant's claim of innocence. In the *Alford* case, defense counsel made a thorough investigation, and the court meticulously complied with the requirements set out in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). *See* Erickson, *The Finality of a Plea of Guilty,* 48 Notre Dame Lawyer 835 (1973).

The representation which the defendant was afforded by defense counsel tended to mislead and prevent the court from carrying out its proper function. The serious derelictions of counsel were sufficient in this case to prevent the defendant's plea of guilty and pleas of nolo contendere from being knowingly and intelligently made. *McMann v. Richardson, supra. See also Dorton v. United States,* 447 F.2d 401 (10th Cir. 1971). Under the circumstances, to prevent a manifest injustice, we order that the district court vacate the pleas which have been entered in this case and direct that all charges be reinstated against the defendant and that the defendant be permitted to plead anew. *See American Bar Association Standards for Criminal Justice Relating to Pleas of Guilty* § 2.1.

Accordingly, we reverse and remand with the directions set forth herein.