### No. 27802

### The People of the State of Colorado v. Hugh Blalock

(592 P.2d 406)

Decided March 26, 1979.

321

Dale Tooley, District Attorney, O. Otto Moore, Assistant, Brooke Wunnicke, Chief Appellate Deputy, for plaintiff-appellant.

Daniel T. Smith, for defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The district attorney has filed a direct appeal from a district court order which granted the defendant's motion for post-conviction relief, pursuant to Crim. P. 35(b), and ordered a new trial. We affirm.

Blalock was charged in a three-count information with attempted murder (section 18-2-101, C.R.S. 1973), first-degree sexual assault (section 18-3-402, C.R.S. 1973), and second-degree kidnapping (section 18-3-302, C.R.S. 1973). The defendant pled not guilty, and trial was to a jury.

Before the case was submitted to the jury, the attempted murder charge was dismissed, and the defendant was convicted by the jury of first-degree sexual assault and second-degree kidnapping. A concurrent sentence of not less than eight nor more than twelve years in the Colorado state penitentiary was imposed. The defendant has served more than two years of his sentence. He was released on bail after a new trial was ordered.

The defendant's motion for post-conviction relief was based upon the fact that his defense counsel had sexual intercourse with the complaining witness prior to the time that he undertook to represent the defendant and had a conflict of interest which denied the defendant effective assistance of counsel. *U.S. Const.,* Amend. VI.

The lawyer, Lawrence C. Rotenberg, after his second interview with the defendant, advised him of his prior sexual relations with the complaining witness or victim and told the defendant that under no circumstances could the sex history of the victim be gone into in the defense of his case. However, he expressed the opinion that his previous affair with the victim would be an advantage when it came to cross-examination and the overall defense of the case.

Three different district judges have reviewed the conduct of defense counsel. At an early stage, the Honorable Robert Fullerton pointed out the obvious impropriety and the conflict to Rotenberg. Rotenberg's background with the victim came to the attention of the court after Rotenberg interviewed the victim. Rotenberg contacted the victim at her place of employment, late at night, without notice, and discussed the charges which were pending against the defendant. In the course of the interview, he attempted to capitalize on his previous relationship with the victim and tried to persuade her to contact the district attorney and have the charges against the defendant reduced. The victim became hysterical and contacted the district attorney. The district attorney brought the matter to the attention of Judge Fullerton, and a hearing was held.

At the *in camera* hearing before Judge Fullerton, Rotenberg insisted that he had the right to represent the defendant and that he was the counsel that the defendant had chosen. Judge Fullerton, after a hearing, advised Rotenberg that if he continued to represent the defendant, a grievance would be filed with the grievance committee of this court. Rotenberg then withdrew from the case over the defendant's objection and assertion that he had the right to counsel of his own choice.

During the week following Rotenberg's withdrawal, the defendant attempted to obtain new counsel. He was handicapped, however, by his

retainer agreement with Rotenberg. He had agreed to pay Rotenberg $1,500 for defending the case. At the time he withdrew, Rotenberg had interviewed the complaining witness and done little more. At that time, the defendant had paid him $800 or $900. However, when the defendant asked Rotenberg to return some part of the fee so that he could retain another lawyer, Rotenberg refused. Rotenberg told the defendant that he would wipe the slate clean if the defendant did not want him to represent him further, but would not make any refund. While the defendant was attempting to secure other counsel, the defendant's case was assigned to a different division for trial. With a new judge presiding, Rotenberg agreed to again enter his appearance and defend the case if the defendant would pay Rotenberg $1,500. The economic pressure applied by Rotenberg influenced the defendant to agree to Rotenberg's demands. The economic pressure applied by Rotenberg was improper. *In Re Albert,* 390 Mich. 234, 212 N.W.2d 17 (1973).

■ When the district attorney learned of Rotenberg's decision to defend the case, the conflict of interest was brought to the attention of a second district judge, and a second *in camera* hearing was held. Rotenberg asserted at that hearing that he would not go into the sexual background of the victim and again asserted that the defendant wanted him to be his lawyer. The district judge concluded that she could not deny the defendant's request to have Rotenberg represent him and did not require Rotenberg to withdraw.[1]

At the time of trial, a third judge was assigned to hear the case. He was not apprised of Rotenberg's conflict of interest and did not become aware of the full extent of the conflict until after a motion for post-conviction relief was filed by a different lawyer. Rotenberg cross-examined the victim and asked some questions which might not have been asked if his relationship with the witness was not buttressed by a background of sexual intimacy. However, Rotenberg did not attempt to explore the sexual history of the victim. *See* 18-3-407, C.R.S. 1973 (1976 Supp.); *People v. McKenna,* 196 Colo. 367, 585 P.2d 275 (1978).

■ When the post-conviction proceedings were held, the trial judge heard extended testimony and concluded that the conduct of defense counsel not only reflected an appearance of impropriety, but also constituted a deprivation of the effective assistance of counsel. *See Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973);

---

[1] The district judge was in error. "[A]lthough the right to counsel is absolute, there is no right to a particular counsel." *Kramer v. Scientific Control Corp.,* 534 F.2d 1085 (3d Cir. 1976). *See also Faretta v. California,* 422 U.S. 806, 819-20 and n. 15, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1976); *United States v. Dolan,* 570 F.2d 1177 (3d Cir. 1978); *Geer, Conflict of Interests,* 62 *Minn. L. Rev.* 119, 158-59 (1977). This is especially true when a defendant's insistence on representation by a particular lawyer may, as here, cause ethical conflicts which are so hampering that the effectiveness of counsel's assistance is necessarily called into question.

*McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *People v. O'Neill,* 185 Colo. 202, 523 P.2d 123 (1974); *People v. White,* 182 Colo. 417, 514 P.2d 69 (1973); *People v. Gonzales,* 37 Colo. App. 8, 543 P.2d 72 (1975); *United States v. DeCoster,* 487 F.2d 1197 (D.C. Cir. 1973); *Tague, The Attempt to Improve Criminal Defense Representation,* 15 *Am. Crim. L.* 109 (1977). A court must determine, when faced with a claim of ineffective assistance of counsel, "whether the advice was within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson, supra,* at 771, and whether the assistance rendered by the attorney demonstrates "faithful representation of the interest of his client," *Tollett v. Henderson, supra,* at 268. *See also People v. White, supra.* Guidelines are not lacking. *See United States v. DeCoster, supra,* at 1203-1204. Our examination of the entire record indicates that there was a denial of effective assistance of counsel. The conflict of interest arising out of Rotenberg's previous sexual liaison with the victim is apparent. *Compare Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). *see also Stark, Right to Counsel,* 16 *Am. Crim. L.* 51 (1978); *Finer, Ineffective Assistance of Counsel,* 58 *Cornell L. Rev.* 1077, 1108 (1973).

■ The prosecution's case, in part, was directed at the defendant's forcing the victim to perform fellatio. Rotenberg's defense was consent, buttressed by a unique theory that reflects upon his competency as a trial lawyer. He called a former girl friend of the defendant and established that she had a "liberated" relationship with the defendant. Thereafter, he elicited testimony that she had been with the defendant on numerous occasions in the Datsun 240Z that he was driving on the night that he allegedly kidnapped and sexually assaulted the victim. The witness said that she had voluntarily performed fellatio on the defendant in the Datsun, but that it was very difficult, because of the location of the gear shift and the brake. The relevance of the testimony escapes us and does not reflect reasonably effective assistance of counsel.

Any jury would have been incensed by the testimony that was presented. The defendant was not provided reasonably effective assistance of counsel.

At the Crim. P. 35(b) hearing, Judge Fullerton, who first confronted Rotenberg with what we would identify as a clear conflict of interest, said that he did not believe that the defendant understood the consequences of his election to have Rotenberg represent him. The defendant testified that representation by Rotenberg also occurred because the defendant could not obtain the funds to employ other counsel. In granting the defendant's motion for post-conviction relief, the trial judge found that the defendant had not given his informed consent to a waiver of his right to the effective assistance of counsel and that the defendant had been denied that assistance. *See Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed.

1461 (1938). The representation in this case not only failed to meet our standard which requires reasonably effective assistance of counsel, but also falls in that category of representation that has been described as being a sham and a farce. *See Melton v. People,* 157 Colo. 169, 401 P.2d 605 (1965), *cert. denied,* 382 U.S. 1014, 86 S.Ct. 624, 15 L.Ed.2d 528 (1966).

 The same district court judge presided over both defendant's trial and the Crim. P. 35(b) hearing. If we were to reverse the trial court that granted post-conviction relief, we would have to overrule the trial court's conclusion that there was ineffective assistance of counsel. The right to effective assistance of counsel is among those "constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error." *Chapman v. California,* 386 U.S. 18, 23, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

 We cannot say that the record does not support the trial court's conclusion and was not in accordance with the weight of the evidence. *People v. Gantner,* 173 Colo. 92, 476 P.2d 998 (1970).

Accordingly, we affirm.

MR. JUSTICE PRINGLE and MR. JUSTICE CARRIGAN do not participate.