**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Donald STROUP, Defendant-Appellant.**

**No. 79CA0246.**

Colorado Court of Appeals, Div. III.

Nov. 20, 1980.

As Modified on Denial of Rehearings Dec. 18, 1980.

Certiorari Granted March 16, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Maureen Phelan, Asst. Attys. Gen., Denver, for plaintiff-appellee.

Law Offices of Marks & Olom, Jonathan L. Olom, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Donald Stroup, appeals the denial of his Crim.P. 35(b) motion for post-conviction relief. We affirm in part and remand to the trial court for resentencing.

On April 17, 1977, Stroup assaulted his ex-wife. She suffered multiple stab wounds, knife cuts, and contusions. Following a jury trial Stroup was convicted of first degree assault and a crime of violence. In his request for post-conviction relief, Stroup contends that he was denied the effective assistance of counsel and that the trial court erred in failing to require the jury to make specific findings of fact regarding the violent crime sentencing allegation.

## I.

Stroup first claims that he was denied effective assistance of counsel because his retained attorney failed adequately to investigate the facts of the case, did not

present affirmative evidence in favor of one theory of defense at trial, and advised him not to appeal. We reject this contention.

■ The constitutional right to counsel, *U.S.Const.* Amend. VI; *Colo.Const.* Art. II, Sec. 16, requires that defense counsel render reasonably effective assistance. *People v. White,* 182 Colo. 417, 514 P.2d 69 (1973); *People v. Gonzales,* 37 Colo.App. 8, 543 P.2d 72 (1975). In order to meet the constitutional requirement of effective assistance of counsel, the level of representation furnished to a defendant must be "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *People v. Blalock,* 197 Colo. 320, 592 P.2d 406 (1979). This does not mean that the defendant is constitutionally guaranteed such assistance as will result in his acquittal at trial. *See Steward v. People,* 179 Colo. 31, 498 P.2d 933 (1972). Nor does it mean that there is a right to an errorless trial. *People v. White, supra.* However, "[w]henever defense counsel commits errors at trial which are a direct result of inadequate pre-trial investigation or self-imposed ignorance of the law, his representation is incompetent and relief must be granted." *People v. White, supra.*

The measure of reasonably effective assistance in investigation prior to trial is set out in *ABA, Standards Relating to the Defense Function* § 4.1 which provides that: "It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty." *See also People v. White, supra.* Stroup asserts that his attorney's failure to consult an independent medical expert regarding the extent of the victim's injuries constituted breach of this duty because, as a result of inadequate pre-trial investigation, counsel was not prepared to show the victim had not suffered "serious bodily injury," a necessary element of first degree assault. Section 16–11–309, C.R.S. 1973 (1978 Repl. Vol. 8).

■ We conclude that the pre-trial investigation undertaken was adequate under the standard set forth above. Stroup's attorney conducted a diligent inquiry prior to trial. This investigation included interviews with attending doctors, inspection of medical records, and review of police reports. Based on his findings, he concluded that the prosecution would not be able to prove first degree assault and pursued this avenue of defense at trial.

■ Failure to call an expert witness to testify, under the facts presented here, did not amount to the ineffective assistance of counsel at trial. *See ABA, Standards Relating to the Defense Function* § 5.2(b); *Steward v. People, supra.* The determination of what witnesses to call, as with all other strategic and tactical decisions, is generally within the province of the lawyer. While the attorney's decision here not to call medical witnesses may have been incautious, nevertheless, considering the circumstances, we cannot second guess that tactical decision. *People v. Gonzales, supra.* Nor is the constitutional right to effective assistance of counsel a guarantee against mistakes in judgment regarding trial tactics and strategy. *Steward v. People, supra.* Where, as here, counsel made an informed decision regarding trial strategy and offered several theories of defense, only one of which is challenged as having been ineffectively presented at trial, a tactical error does not provide the basis for post-conviction relief. *But see People v. Herrera,* 188 Colo. 403, 534 P.2d 1199 (1975); and *People v. Moya,* 180 Colo. 228, 504 P.2d 352 (1972).

■ The right to effective assistance of counsel extends to the appeal process. *See People v. Stephenson,* 187 Colo. 120, 528 P.2d 1313 (1974). Under *ABA, Standards Relating to the Defense Function* § 8.2(a), counsel is obligated to advise the defendant concerning an appeal. That standard requires, in pertinent part, that: "The lawyer should give the defendant his professional judgment as to whether there are meritorious grounds for appeal, and as to the probable results of appeal." Although counsel believed reversible error occurred at trial, he advised Stroup not to appeal his convic-

tion. He told Stroup that, if the Court of Appeals believed what was in the record, it would conclude that he was a "bad person" and, on that basis, not reverse. This advice is clearly erroneous. It is unnecessary for us to cite cases where convictions of obviously guilty defendants have been reversed on legal grounds even when the record is replete with evidence of violent anti-social behavior.

We have reviewed that portion of the trial record before us, i. e., medical testimony presented at trial, to determine if there was a meritorious basis for appeal, *Haines v. People*, 169 Colo. 136, 454 P.2d 595 (1969). Based upon our review of the medical testimony we conclude there was no reversible error. Stroup was found guilty of first degree assault. At trial, there was testimony that, if one of the knife wounds to the victim's face had been just a fraction of an inch in either direction, it would have penetrated her brain. During the Crim.P. 35(b) hearing, Stroup's attorney testified that, in his opinion, it was error to admit evidence of what might have happened since the legal definition of "serious bodily injury" turns on the injury actually received. He felt that the jury was given the erroneous impression that it could take into account possibilities which, in fact, did not occur. While this argument has merit, there was, nevertheless, medical evidence of dehydration and shock providing a basis for a reasonable jury to conclude that the victim in this case had suffered a "serious bodily injury." The jury was properly instructed on the legal definition of "serious bodily injury." Consequently, there was no reversible error, and there was no prejudice to Stroup by the attorney's advice not to appeal on this basis. Moreover, if counsel felt reversible error was demonstrated in other parts of the trial record, it was incumbent on him to certify same. *Taylor v. People*, 176 Colo. 316, 490 P.2d 292 (1971). Thus, the defendant was not entitled to post-conviction relief.

## II.

The second contention of error relates to the trial court's failure to require that the jury make specific findings of fact regarding the violent crime sentencing allegation. While the trial court instructed the jury on the elements of a crime of violence in accordance with § 16–11–309(2), C.R.S. 1973 (1978 Repl. Vol. 8), it submitted only a general verdict form on the violent offender count. The violent offender act requires the court to submit special interrogatories which elicit the required findings. *People v. Grable*, Colo.App., 611 P.2d 588 (1978). Therefore, the enhanced punishment imposed for having committed a violent crime was improper.

The judgment of conviction is affirmed, the sentence is vacated and the cause is remanded for resentencing on the conviction of first degree assault alone, without enhanced punishment for having committed a violent crime.

KELLY and KIRSHBAUM, JJ., concur.