The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Charles R. **DILLARD,** Defendant-Appellant.

No. 83CA0442.

Colorado Court of Appeals, Div. III.

March 15, 1984.

---

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Daniel Dailey, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

Jerry L. Bean, Cortez, for defendant-appellant.

STERNBERG, Judge.

Defendant appeals a judgment of the trial court denying his Crim.P. 35(c) motion. He contends that his trial attorneys failed to render effective assistance. We affirm.

Defendant was charged with first degree assault. Although somewhat conflicting, the evidence at trial demonstrated that defendant had been drinking on September 27, 1978. That evening he was in a bar when, for no apparent reason, he slit the victim's throat. Bar patrons testified that defendant then said, "Well, what's wrong with that boy," and, "If the police come nobody knows who did it." Defendant testified that he could not remember anything after 3:00 that afternoon.

The defense theorized that intoxication prevented the defendant from forming the specific intent to cause serious bodily injury. *See* § 18-1-804(1), C.R.S. (1978 Repl. Vol. 8). The jury rejected this contention, and the conviction was affirmed in *People v. Dillard*, (Colo.App. No. 79CA0843, August 20, 1981) (not selected for official publication).

In January 1982 defendant filed his motion for post-conviction relief. The trial judge denied the motion but later recused himself. A second judge reconsidered the motion and denied it, adopting most of the trial judge's findings, and making some additional findings.

### I.

Defendant contends that his attorneys conducted an inadequate investigation because they failed to interview certain witnesses and to employ the services of a toxicologist. Defendant argues that this precluded proper development of the intoxication defense.

A defendant is entitled to representation which falls within the range of competence expected of lawyers experienced in criminal law. *Stroup v. People*, 656 P.2d 680 (Colo.1982). Such representation includes a pre-trial investigation sufficient to reveal potential defenses and weaknesses in the prosecution's case. *People v. White*, 182 Colo. 417, 514 P.2d 69 (1973).

However, in a Crim.P. 35 proceeding the defendant has the burden to show inadequate representation, and a conviction will not be set aside unless, based on the record as a whole, there was a denial of fundamental fairness. *People v. Velasquez*, 641 P.2d 943 (Colo.1982), *cert. denied*, 459 U.S. 805, 103 S.Ct. 28, 74 L.Ed.2d 43 (1982); *People v. McClellan*, 183 Colo. 176, 515 P.2d 1127 (1973).

Defendant's attorneys admittedly failed to interview every witness who saw the defendant the day of the assault and did not interview all witnesses endorsed by the prosecution. Nevertheless, the defense contacted numerous witnesses and found several who gave testimony favorable to defendant. Further, counsel made an informed decision not to interview certain prosecution witnesses whose testimony was apparent from discovery. Counsel did not want to reinforce that testimony or appear to be attempting to alter the testimony. Under these circumstances, we conclude defense counsel's investigation was competent and based on sound tactical reasoning. *Cf. People v. Herrera*, 188 Colo. 403, 534 P.2d 1199 (1975).

Defendant argues, with respect to his attorneys refusal to employ an expert to explain the effects of alcohol intoxication, that this decision was based on economic rather than tactical grounds.

We agree with the trial court that such testimony would have been of questionable benefit. And, therefore, defendant has not demonstrated prejudice from the failure to call an expert. *See People v. Lucero*, 623 P.2d 424 (Colo.App.1980).

### II.

Defendant next contends that counsel were ineffective because they did not obtain a psychiatric evaluation to develop an insanity or diminished capacity defense. *See* §§ 18-1-802 and 18-1-803, C.R.S. (1978 Repl.Vol. 8). We disagree.

Failure to investigate and develop a defense constitutes ineffective assistance when counsel's omissions result in "withdrawal of a potentially meritorious defense," and the failure to raise the defense

cannot be explained on tactical grounds. *People v. Jackson,* 28 Cal.3d 264, 618 P.2d 149, 168 Cal.Rptr. 603 (1980), *cert. denied,* 450 U.S. 1035, 101 S.Ct. 1750, 68 L.Ed.2d 232 (1981). Defendant has not shown either circumstance.

■ Defendant presented no evidence, nor did he allege facts indicating that he suffered from a mental disease or other infirmity at the time of the offense. Although there was evidence that defendant had suffered a head injury, the effects of the injury on defendant's behavior are purely speculative.

Further, defendant's counsel determined that intoxication was the only logical explanation for the crime. Since defendant's alcohol consumption was the salient fact, we find no fault in the decision to focus the defense on this issue. *See Hendershott v. People,* 653 P.2d 385 (Colo.1982), *cert. denied,* 459 U.S. 1225, 103 S.Ct. 1232, 75 L.Ed.2d 466 (1983).

### III.

■ The remainder of defendant's allegations of ineffective assistance also lack merit. Lead counsel did not object to portions of the prosecutor's closing argument because he believed the remarks did not warrant a mistrial, and an objection would have emphasized the improper argument. This was a valid tactical decision within the discretion of trial counsel. *Reynolds v. People,* 172 Colo. 137, 471 P.2d 417 (1970); *People v. Gonzales,* 37 Colo.App. 8, 543 P.2d 72 (1975).

■ Similarly, counsel's tactical decision to waive recording of voir dire does not constitute ineffective assistance without a showing of prejudice. *Stafford v. State,* 665 P.2d 1205 (Okl.Cr.1983). While defendant's girlfriend submitted an affidavit claiming that four jurors had preconceived notions concerning intoxication, there is no evidence that defense counsel failed to voir dire on the subject. To the contrary, lead counsel testified there was extensive voir dire concerning intoxication.

■ The decision not to seek a change of venue was also a tactical matter. *See Maxwell v. Mabry,* 672 F.2d 683 (8th Cir.

1982). The motion was considered and rejected because counsel saw no evidence of excessive publicity and feared an adverse ruling would create antipathy toward him and the defendant. Further, the defendant's assertion that this decision was made against his wishes was contradicted by counsel.

■ Finally, the contention that the defense was conducted by the inexperienced "junior" defense counsel is unsupported by the record. Both defense counsel testified that strategic decisions were ultimately made by the experienced senior attorney. And, both counsel performed adequately at trial; thus, there was no denial of fundamental fairness. *See Wilson v. People,* 652 P.2d 595 (Colo.1982), *cert. denied,* 459 U.S. 1218, 103 S.Ct. 1221, 75 L.Ed.2d 457 (1983).

Judgment affirmed.

VAN CISE and METZGER, JJ., concur.