Donald ROACH, Appellee,

v.

Robert PARRATT, Warden, Nebraska
Penal and Correctional
Complex, Appellant.

Gizelle Pearl GRAVES, Appellee,

v.

Jacqueline CRAWFORD, Superintendent,
Nebraska Center for Women,
Appellant.

Nos. 76–1215, 76–1216.

United States Court of Appeals,
Eighth Circuit.

Submitted June 16, 1976.

Decided Sept. 17, 1976.

Ralph H. Gillan, Asst. Atty. Gen., Lincoln, Neb., for appellant; Paul L. Douglas, Atty. Gen., on the brief.

Michael T. Levy, Omaha, Neb., for appellee.

Before GIBSON, Chief Judge, LAY and HENLEY, Circuit Judges.

GIBSON, Chief Judge.

The District Court in these federal habeas corpus actions filed by state prisoners pursuant to 28 U.S.C. § 2254 invalidated state judgments of conviction and ordered that petitioners be retried within 90 days or released.[1] *Roach v. Parratt,* 407 F.Supp. 703 (D.Neb.1976). A timely appeal was filed by Robert Parratt, Warden of the Nebraska Penal and Correctional Complex, and Jacqueline Crawford, Superintendent of the Nebraska Center for Women, each of whom had custody of the respective petitioners, Donald Roach and Gizelle Pearl Graves. Petitioners had been convicted of unlawful possession of heroin in the Nebraska state courts, and their convictions were affirmed by the Nebraska Supreme Court. *State v. Graves,* 193 Neb. 797, 229 N.W.2d 538 (1975).

Petitioners assert that the search warrant issued in their case was deficient because the supporting affidavit did not show how the stated reliable informant reached the conclusion that there was heroin located on the premises to be searched. The same issue was fully explored, assessed and tried in the state court.

The District Court found that the first prong of the *Aguilar-Spinelli* test *see Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), requiring that the magistrate be given some of the underlying circumstances from which the informant reached his conclusions, had not been satisfied and that *Whitely v. Warden,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), prohibited rehabilitation of the affidavit, which failed to set forth probable cause for the issuance of the warrant. It appeared

1. Separate petitions were filed in the District Court but were consolidated for trial and are also consolidated for purposes of appeal in this court.

that the composite knowledge of the investigating officers might have been sufficient to constitute probable cause for the issuance of the warrant, had that knowledge, as it pertained to how the informant gained his or her knowledge about the narcotics, been set forth fully in the affidavit presented to the magistrate. The District Court, applying *Whitely* and our decision in *Rice v. Wolff,* 513 F.2d 1280 (8th Cir. 1975), held that the affidavit was, accordingly, insufficient and could not be rehabilitated by testimony concerning information possessed at the time the warrant was sought but not disclosed to the issuing magistrate.

Subsequent to the decision of the District Court, the United States Supreme Court granted certiorari and reversed our decision in *Rice v. Wolff* in a decision written by Mr. Justice Powell in *Stone v. Powell,* and *Wolff v. Rice,* both cases being dealt with in a single opinion. —— U.S. ——, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). The Supreme Court there concluded in a 6 to 3 decision, with Justices Brennan, White and Marshall dissenting, that the prior discussion of the scope of federal habeas corpus review in *Kaufman v. United States,* 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), was unjustified. The basis of the *Kaufman* decision, as stated in *Stone v. Powell,* is as follows:

> The discussion in *Kaufman* of the scope of federal habeas corpus rests on the view that the effectuation of the Fourth Amendment, as applied to the States through the Fourteenth Amendment, requires the granting of habeas corpus relief when a prisoner has been convicted in state court on the basis of evidence obtained in an illegal search or seizure since those Amendments were held in *Mapp v. Ohio,* 367 U.S. 643 [81 S.Ct. 1684, 6 L.Ed.2d 1081] (1961), to require exclusion of such evidence at trial and reversal of convictions upon direct review.

*Stone v. Powell, supra* at ——, 96 S.Ct. at 3045.

The Court disavowed the *Kaufman* view of federal habeas corpus and adopted the following rule:

> [W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

*Stone v. Powell, supra* at ——, 96 S.Ct. at 3046.

The Court further noted that the costs of applying the exclusionary rule at trial and on direct review are well-known, with the focus of the trial and the attention of the participants therein being diverted "from the ultimate question of guilt or innocence that should be the central concern in a criminal proceeding." *Stone v. Powell, supra* at ——, 96 S.Ct. at 3050.

While adhering to the implementation of the exclusionary rule at trial and on direct appeal of a state court conviction, the Court, however, held:

> [T]he additional contribution, if any, of the consideration of search-and-seizure claims of state prisoners on collateral review is small in relation to the costs * * *. There is no reason to believe, however, that the overall educative effect of the exclusionary rule would be appreciably diminished if search-and-seizure claims could not be raised in federal habeas corpus review of state convictions.

*Stone v. Powell, supra* at ——, 96 S.Ct. at 3051.

In this combined case, petitioners present only Fourth Amendment contentions in support of their request for federal habeas corpus relief. Petitioners were accorded an opportunity for a full and fair litigation of these claims in the Nebraska state courts and have therefore failed to state a claim for relief cognizable under 28 U.S.C. § 2254. The District Court's decision invalidating the state court judgments of convictions is in error. Judgment reversed.