William Alton RIGSBEE, Jr., Appellant,

v.

J. D. PARKINSON, Warden, South Dakota Penitentiary, Appellee.

No. 76–1573.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1976.

Decided Nov. 19, 1976.

Keith R. Strange, Sioux Falls, S.D., for appellant.

William J. Janklow, Atty. Gen., and March Weber Tobias, Asst. Atty. Gen., Pierre, S.D., for appellee.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Petitioner William Rigsbee appeals from an order of the district court denying his petition for a writ of habeas corpus. We affirm.

Petitioner was convicted in South Dakota state court of possessing more than one ounce of marijuana. This conviction was affirmed on direct appeal by the South Dakota Supreme Court.[1] Petitioner is presently confined in the South Dakota Penitentiary.

Throughout the state court proceedings, petitioner argued that a large quantity of marijuana should be suppressed because the police did not have probable cause to arrest him and subsequently search his car. The state circuit court denied the suppression motion after holding a hearing on the matter at which the petitioner as well as the

---

1. *State v. Rigsbee*, 233 N.W.2d 312 (S.D.1975). A full statement of the circumstances surrounding the offense is contained in the South Dakota Supreme Court's opinion.

arresting officers testified. The state supreme court held:

> The police officers had probable cause based on the informant's tip to stop the defendant on the highway. Since the informant told them that there was contraband in the car, they had probable cause to conduct a search on the spot or at the police station.

*State v. Rigsbee,* 233 N.W.2d 312, 315 (S.D. 1975).

After exhausting his state remedies, Rigsbee filed the instant habeas petition pressing the same fourth amendment claims urged upon the state courts. The district court found that the officers did not have probable cause to arrest the petitioner and search his car. However the district court, after holding a hearing on the issue, determined that petitioner voluntarily consented to the search. Accordingly, the district court denied the writ. The petitioner now appeals from this judgment.

Subsequent to the decision of the district court, the United States Supreme Court decided *Stone v. Powell,* —— U.S. ——, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). The Court held:

> [W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

*Id.* at ——, 96 S.Ct. at 3046. (footnote omitted). At least two other circuits have applied *Stone* retroactively, *see Bracco v. Reed,* 540 F.2d 1019, 1020 (9th Cir. 1975);

*Chavez v. Rodriguez,* 540 F.2d 500, 502 (10th Cir. 1976), and this circuit has done so *sub silentio, see Poindexter v. Wolff,* 540 F.2d 390, 391 (8th Cir. 1976); *Roach v. Parratt,* 541 F.2d 772 (8th Cir. 1976). *Cf. Caver v. Alabama,* 537 F.2d 1333, 1335–1336 (5th Cir. 1976). Because *Stone* effected no new formulation of the exclusionary rule and because the Supreme Court did not limit *Stone* to prospective application only, we apply its mandate to this case. *Bracco v. Reed, supra,* 540 F.2d at 1020; *Chavez v. Rodriquez, supra,* 540 F.2d at 502.

■ We have reviewed the transcript of the suppression hearing in state circuit court as well as the opinion of the South Dakota Supreme Court,[2] and find that petitioner was accorded an opportunity to fully and fairly litigate his fourth amendment claims in the South Dakota state courts. The petitioner was afforded a complete opportunity to tell his side of the story and to examine the officers who arrested him and seized the marijuana. Thus petitioner's claim fails to state a claim under 28 U.S.C. § 2254.[3]

The order denying the petition for a writ of habeas corpus is affirmed.

---

2. Since the pertinent documents are before us on this appeal, a remand to determine whether petitioner received a full and fair opportunity to litigate his claims in state court would be useless. Under other circumstances, a remand may be appropriate. *Cf. Caver v. Alabama,* 537 F.2d 1333, 1336 (5th Cir. 1976).

3. We reject petitioner's contention that he was denied an opportunity to fully and fairly litigate his fourth amendment claims in state court because both the state circuit and supreme courts failed to reach the consent issue respecting the search. Even assuming that petitioner had proved that he did not voluntarily consent to the search, his habeas claim would fail. The state courts denied the suppression motion on an independent basis, viz., that probable cause existed to arrest the petitioner, search his car, and seize the marijuana. Since Rigsbee was given an opportunity to fully and fairly litigate this claim in state court, *Stone* mandates that the exclusionary rule should not be applied to this claim in federal habeas review.