**Johnie STOCKER, Jr., Appellant,**

v.

**Terrell Don HUTTO, Commissioner, Arkansas Dept. of Corrections, Appellee.**

**No. 76–1971.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1977.

Decided Jan. 14, 1977.

John H. Haley, Little Rock, Ark., for appellant.

Jim Guy Tucker, Atty. Gen., and Robert A. Newcomb, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Petitioner Johnie Stocker, Jr., appeals from an order of the district court denying his petition for a writ of habeas corpus. We affirm.

Petitioner was convicted in Arkansas state court of armed robbery and the commission of a felony with a firearm. This conviction was affirmed on direct appeal by the Arkansas Supreme Court in an unreported decision. Petitioner is presently confined in the Arkansas Penitentiary.

2.  Judge Larson's opinion is published at 411 F.Supp. 1300 (D.Minn.1976).

438

In the state court proceedings, petitioner argued that a firearm and a box of money should be suppressed because the police did not have probable cause to arrest him and subsequently search his car. The state circuit court denied the suppression motion after holding a hearing on the matter at which the arresting officer testified. The state supreme court held:

> For reversal he contends that the trial court should have granted his pretrial motion to suppress evidence incident to an allegedly illegal arrest and that the court erred in permitting his co-defendant to testify. We find no merit in either contention.

*Stocker v. State*, No. CR 76–5 (Ark., filed May 24, 1976), slip op. at 1.

After exhausting his state remedies, Stocker filed the instant habeas petition alleging an illegal arrest which resulted in an illegal search, the results of which should have been suppressed. The district court found that while the officers did not have probable cause to arrest the petitioner and search his car "[e]ven an illegal arrest does not void a subsequent conviction." Accordingly, the district court denied the

However, in *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976),

 In *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) the Supreme Court held:

> [W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

*Id.* at 494, 96 S.Ct. at 3046 (footnote omitted). At least two other circuits have applied *Stone* retroactively, *see Bracco v. Reed*, 540 F.2d 1019, 1020 (9th Cir. 1975); *Chavez v. Rodriguez*, 540 F.2d 500, 502 (10th Cir. 1976), and this circuit has done so directly in *Rigsbee v. Parkinson*, 545 F.2d 56 (8th Cir., 1976), at 57, and earlier *sub silentio* in *Poindexter v. Wolff*, 540 F.2d 390, 391 (8th Cir. 1976); *Roach v. Parratt*,

541 F.2d 772, 773 (8th Cir. 1976). *Cf. Caver v. Alabama*, 537 F.2d 1333, 1335–1336 (5th Cir. 1976). Because *Stone* effected no new formulation of the exclusionary rule and because the Supreme Court did not limit *Stone* to prospective application only, we apply its mandate to this case. *Rigsbee v. Parkinson, supra*, at 57. *Bracco v. Reed, supra*, 540 F.2d at 1020: *Chavez v. Rodriguez, supra*, 540 F.2d at 502.

 We have reviewed the petitioner's and respondent's abstracts of the evidence adduced at the suppression hearing in state circuit court as well as the opinion of the Arkansas Supreme Court, and find that petitioner was accorded an opportunity to fully and fairly litigate his fourth amendment claims in the Arkansas state courts. Thus petitioner's claim fails to state a claim under 28 U.S.C. § 2254.

The order denying the petition for a writ of habeas corpus is affirmed.