**Gary M. HOLMBERG, Appellee,**

v.

**Robert F. PARRATT, as Warden of the Nebraska Penal and Correctional Complex, Appellant.**

**No. 76–1609.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1976.

Decided Feb. 1, 1977.

Patrick T. O'Brien, Asst. Atty. Gen., Dept. of Justice, Lincoln, Neb., for appellant; Paul L. Douglas, Atty. Gen., Lincoln, Neb., on brief.

John O. Sennett, Broken Bow, Neb., on brief, for appellee.

Before LAY, BRIGHT and STEPHENSON, Circuit Judges.

LAY, Circuit Judge.

Petitioner Gary Holmberg was convicted in a Nebraska state court of possession of marijuana with intent to distribute, deliver or dispense; of possession of amphetamines; and of possession of cocaine. He was sentenced to a term of one year and

---

fined. Upon appeal to the Supreme Court of Nebraska he urged that his Fourth Amendment rights against illegal search and seizure had been violated. The court rejected this argument and affirmed the conviction. *State v. Holmberg*, 194 Neb. 337, 231 N.W.2d 672 (1975) (McCown, J., dissenting).

Petitioner then sought and was granted a writ of habeas corpus in the federal district court on the ground that the search of petitioner's car violated his Fourth Amendment rights. The parties conceded that a Nebraska state trooper stopped petitioner's vehicle solely to check his driver's license and his vehicle registration. The state attempted to justify the stop under Neb.Rev. Stat. § 60–435 (R.I.1974), which allows a state patrolman to stop any vehicle to inspect these two items. However, the federal district court, the Honorable Albert G. Schatz, found that "the random stop of petitioner's vehicle without any founded and reasonable suspicion of criminal activity violated his Fourth Amendment rights against unreasonable search and seizure." *Holmberg v. Parratt*, Civil No. 76–L–4 (D.Neb., June 23, 1976).

The order of the district court granting the application for writ of habeas corpus was handed down on June 11, 1976. Thereafter, Judge Schatz released the defendant on bail pending the state's appeal to this court, filed on July 6, 1976.

On the same day this appeal was filed the United States Supreme Court decided *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), in which it held:

> In sum, we conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.[37]

> 37. . . .

> . . . Our decision today is *not* concerned with the scope of the habeas corpus statute as authority for litigating constitutional claims generally. We do reaffirm that the exclusionary rule is a judicially created remedy rather than a personal constitutional right . . . . In sum, we hold only that a federal court need not apply the exclusionary rule on habeas review of a Fourth Amendment claim absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review. Our decision does not mean that the federal court lacks jurisdiction over such a claim . . . .

*Id.*, at 494, 96 S.Ct. at 3052 and n. 37 (footnote 36 omitted).

This court has applied *Stone v. Powell, supra*, retroactively. *See Rigsbee v. Parkinson*, 545 F.2d 56 (8th Cir., 1976).

Under the circumstances we do not review the merits of petitioner's constitutional claim. We are bound to apply *Stone v. Powell, supra*, since the petitioner did receive a full and fair hearing in the Nebraska state court. As we read *Stone v. Powell, supra*, it is immaterial whether the state court misapplies the Fourth Amendment in reviewing a state court conviction. Erroneous application of Fourth Amendment principles by a state court is no longer relevant to the question of whether the federal court may review the merits of the claim.[1]

We note that in deciding *Stone v. Powell, supra*, the Supreme Court recognized the viability of the Supremacy Clause and the need to have the states uniformly apply the Fourth Amendment. It noted that these needs can be fully protected by a state court defendant applying for certiorari from the judgment of the highest state

1. In *Wolff v. Rice*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the companion case decided with *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the petitioner's Fourth Amendment right was clearly violated by an illegal search (see the opinion below, *Rice v. Wolff*, 513 F.2d 1280 (8th Cir. 1975)), but the Supreme Court did not review that claim since it held that the petitioner had a full and fair hearing in the state court.

court. 428 U.S. 493, 96 S.Ct. at 3051 n. 35.

■ In the present case the petitioner did not apply for certiorari from the Supreme Court of Nebraska. However, under the circumstances we do not view the absence of a petition for certiorari from the state conviction to be part of the "full and fair hearing" contemplated in *Stone v. Powell, supra.*[2] Nonetheless, in view of our vacating the district court's grant of the writ on a *procedural* basis, and in order that petitioner has a full opportunity for federal review consistent with the Supremacy Clause, we direct petitioner's counsel to petition for certiorari from our judgment of reversal, raising the constitutional ground. The Supreme Court can refuse to hear the case or grant certiorari and review the merits.

Assuming the Supreme Court denies certiorari and in view of the fact that petitioner has only a short time remaining to serve on his sentence, we suggest, but do not require, that the Nebraska Board of Parole grant an immediate hearing on petitioner's parole and give every consideration to his release. Assuming petitioner has readjusted to society while on bail, this action would avoid disruption of his attempt at rehabilitation. It would be best if this hearing be held before the petitioner is taken back into custody. Petitioner should not be prejudiced for pursuing his habeas remedy pursuant to the federal law which governed his rights prior to *Stone v. Powell, supra.*

Judgment granting the writ of habeas corpus is vacated; the cause is remanded to the district court with directions to dismiss the petition.

BRIGHT, Circuit Judge, dissenting:

In *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067, the Court answered negatively this question:

The question is whether state prisoners— who have been afforded the opportunity for full and fair consideration of their reliance upon the exclusionary rule with respect to seized evidence by the state courts at trial and on direct review—may invoke their claim again on federal habeas corpus review. The answer is to be found by weighing the utility of the exclusionary rule against the costs of extending it to collateral review of Fourth Amendment claims. [*Id.,* at 489, 96 S.Ct. at 3049.]

*Stone* was decided after the district court entered its judgment in this case. The special circumstances of this case persuade me that *Stone* should not be applied retroactively here. The fourth amendment issue raised here is not the sort which *Stone* decided did not warrant application of the exclusionary rule on collateral review. The contention advanced on the merits is important and should be addressed, and federal review of Holmberg's claim may well have been foreclosed due to Holmberg's reliance on the Supreme Court's previous rulings which clearly invited resort to federal habeas corpus preliminary to seeking certiorari review in the Supreme Court.

In the *Powell* case, the Court noted these circumstances. Powell was arrested by Nevada police for violation of a Henderson, Nevada, vagrancy ordinance. In a search incident to that arrest, the police discovered a weapon which expert testimony connected to a murder in California. Powell was convicted of murder in California after extradition to that state. Powell contended that his arrest was made under an unconstitutional ordinance and thus the subsequent seizure of the weapon violated his fourth amendment rights. The argument attacking the constitutionality of the Nevada ordinance was not reached by the California appellate court because "the error, if any, in admitting the [challenged] testimony * *

---

**2.** The Supreme Court in *Stone v. Powell, supra,* considered the argument that a petitioner may have relied on *Kaufman v. United States,* 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), by failing to file a petition for certiorari with the United States Supreme Court, and found it insufficient to justify only prospective application of its holding. 428 U.S. 495, 96 S.Ct. at 3052 n. 38. This finding also indicates that a petition for certiorari is not a requisite part of the "full and fair hearing in state court."

was harmless beyond a reasonable doubt." *Id.*, at 470, 96 S.Ct. at 3040.

In *Wolff v. Rice*, decided with *Stone v. Powell*, the defendant Rice unsuccessfully attacked the validity of a search warrant under which police had seized incriminating evidence from Rice's home. The Supreme Court of Nebraska affirmed Rice's murder conviction, holding that the search of Rice's home had been pursuant to a valid search warrant. *Id.*, at 472, 96 S.Ct. at 3041.

In rejecting Powell's and Rice's attempts to invoke the exclusionary rule on federal habeas corpus, Justice Powell noted that

[t]he disparity in particular cases between the error committed by the police officer and the windfall afforded a guilty defendant by application of the rule is contrary to the idea of proportionality that is essential to the concept of justice. Thus, although the rule is thought to deter unlawful police activity in part through the nurturing of respect for Fourth Amendment values, if applied indiscriminately it may well have the opposite effect of generating disrespect for the law and administration of justice. These long-recognized costs of the rule persist when a criminal conviction is sought to be overturned on collateral review on the ground that a search-and-seizure claim was erroneously rejected by two or more tiers of state courts. [*Id.*, at 490, 96 S.Ct. at 3050 (footnotes omitted).]

The majority opinion concluded:

In sum, we conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. In this context the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force. [*Id.*, at 494, 96 S.Ct. at 3052 (footnotes omitted).]

In *Powell* and *Rice*, the respective state courts passed on alleged violations of the fourth amendment arising from the particular factual contexts of those cases. Those courts were asked to review the actions of individual state officers to determine whether they had, through mistake or overzealousness, violated the fourth amendment and, if so, what should be done about it. In cases such as those, where police officers and magistrates act on the particular facts before them, the decision in *Stone v. Powell* recognizes that no purpose is served by federal habeas review of these search and seizure issues following appropriate consideration of these issues in state court.

This case, however, presents a different situation. According to a majority of the Nebraska Supreme Court, Neb.Rev.Stat. § 60–435 constitutionally authorizes a state patrolman to stop any motorist at random to check the driver's license or the vehicle's registration, even though there is no reason for the patrolman to believe that the particular motorist has done anything wrong. *State v. Holmberg*, 194 Neb. 337, 231 N.W.2d 672 (1975). As the federal district court aptly noted, the constitutional issue here is not whether, on a particular set of facts, a police officer through mistake or overzealousness invaded an individual's fourth amendment rights for here the police officer acted pursuant to a general state policy enacted by statute. The police officer exercises no judgment when he decides to stop a motorist pursuant to this statute, so it makes no sense to talk about deterring any illegal behavior on his part. The real issue here is whether the State of Nebraska constitutionally may apply its statute so as to give highway patrolmen carte blanche authority to detain highway travellers at random. Such an application of the statute treads heavily on fourth amendment values. Judge Schatz wrote:

The state argues that stopping a vehicle is the only practical method of enforcing Section 60–435. Such an argument, however, should not and cannot justify the unwarranted intrusion and infringement upon an individual's constitutional right. Otherwise, such rights could be

emasculated by statute alone. The Fourth Amendment requires all seizures to be reasonable and in the context of random license and vehicle registration checks, it demands something more than the broad and unlimited, albeit good faith, discretion of law enforcement officers.

Accordingly, this Court holds that the random stop of petitioner's vehicle without any founded and reasonable suspicion of criminal activity violated his Fourth Amendment rights against unreasonable search and seizure. "To hold otherwise would be to give the police absolute, unreviewable discretion and authority to intrude into an individual's life for no cause whatsoever." *State v. Holmberg, supra,* at 349, 231 N.W.2d at 679 (J. McCown dissenting), *quoting, Commonwealth v. Swanger,* 453 Pa. 107, 307 A.2d 875 (1973). [Footnote omitted.]

The issue presented here is an important one. In a sense, Holmberg represents every motorist travelling the highways of this Nation. The authority which Nebraska claims for its highway patrolmen threatens everyone's freedom of movement in a motor vehicle. In order to avoid unconstitutionality, a similar Pennsylvania statute has been construed to limit police officers' authority to stop a vehicle for license and registration checks to cases where the officer has a reasonable suspicion based on specific, articulable facts that the vehicle or driver is in violation of the law. *See, e. g., Commonwealth v. Swanger,* 453 Pa. 107, 307 A.2d 875 (1973). Thus, given these court interpretations, the fourth amendment rights of travellers change as they cross state borders. Clearly, some final resolution of this issue should be reached.

Of course, the Supreme Court has the right to enunciate a single supreme law of the land through its "oversight" certiorari jurisdiction to review state criminal convictions. *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 3051 n. 35, 49 L.Ed.2d 1067. But this avenue of relief is now foreclosed to Holmberg, as noted in the majority opinion. *See* page 747, majority opinion. Usually,

the rule of *Stone v. Powell* applies retroactively. Here, however, Holmberg may have foregone direct review because of the Supreme Court's previous invitation to seek federal review of fourth amendment claims on habeas corpus, rather than immediately seek direct review of the state conviction in the Supreme Court. *See Kaufman v. United States,* 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969); *Fay v. Noia,* 372 U.S. 391, 437–38, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). If *Stone* is applied retroactively, Holmberg will be deprived of any opportunity to seek federal review of his federal constitutional claim, through no fault on his part.

The language of the holding in *Stone v. Powell,* taken literally, bars habeas corpus relief for Holmberg. But the societal interests at stake here are decidedly different than in *Powell,* and Holmberg seeks federal review of important and unsettled constitutional issues. Because of special circumstances, *Stone v. Powell* should not be applied retroactively here.

Thus, I would reach the merits of this appeal.