Theodis **MAXWELL**, Appellant,

v.

James **MABRY**, Commissioner, Arkansas Department of Correction, Appellee.

**No. 81–1900.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1982.

Decided March 16, 1982.

---

Richard Quiggle, Little Rock, Ark., for appellant.

Steve Clark, Atty. Gen. by Theodore Holder, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before BRIGHT, ROSS and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

Theodis Maxwell appeals the district court's[1] denial of relief sought pursuant to 28 U.S.C. § 2254. Maxwell was convicted of capital felony murder for the 1973 beating death of an 85 year old storekeeper in Conway County, Arkansas. The state of Arkansas sought the death penalty. Maxwell was sentenced to life imprisonment without parole. Maxwell directly appealed his conviction contesting the jury selection procedure used in his case and the admission of certain items of evidence. The Arkansas Supreme Court affirmed his conviction. *Maxwell v. State*, 259 Ark. 86, 531 S.W.2d 468 (1976). Maxwell then unsuccessfully sought permission from the Arkansas Supreme Court to proceed with a collateral attack in the trial court pursuant to Ark.R.Civ.P. 37.

Maxwell filed the present case in Federal District Court for the Eastern District of Arkansas. Counsel was appointed. After an evidentiary hearing, Magistrate Faulk-

---

1. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas.

ner[2] recommended denial of relief with respect to Maxwell's present claims of ineffective assistance of counsel and the unconstitutional search. The district court, after a review of the entire record including the transcript of the hearing before the magistrate, adopted the magistrate's findings and recommendations without a further evidentiary hearing. We affirm the district court.

Maxwell argues that his trial counsel inadequately represented him. More specifically, Maxwell contends that his attorney met with him only once and he did not pursue an earlier motion for a change of venue. Maxwell also contends that his trial counsel did not fully develop his alibi that the money seized was not from the robbery, but was from an insurance settlement.[3] In addition, Maxwell argues that his trial counsel inadequately interviewed witnesses who could have established his alibi and unwisely did not have them testify.

Magistrate Faulkner examined these contentions at length. He found that even though the attorney visited Maxwell only once after an initial visit, there were several contacts and conversations about the case in other hearings and other court appearances which Maxwell and his attorney both attended.[4] The magistrate "question[ed] somewhat" the amount of contact, but found that this, in itself, did not constitute ineffective assistance of counsel. Moreover, there was no prejudice shown.

█ The magistrate was also satisfied that counsel's failure to pursue a motion for change of venue did not constitute ineffec-

tive assistance of counsel. The magistrate noted that counsel had succeeded in having the first jury panel quashed.[5] Counsel's failure to further pursue a change of venue was within the area of trial tactics and judgment which attorneys have to make.[6]

The magistrate also rejected Maxwell's claim that his attorney's failure to pursue further his alibi that the seized money was from an insurance check constituted ineffective assistance of counsel. The magistrate concluded that in light of all the circumstances, including the attorney's contact with the attorney who Maxwell claimed was involved in the settlement but who told trial counsel he knew nothing about the settlement, the failure to pursue the alleged alibi was not ineffective assistance. The magistrate also noted that Maxwell testified concerning the alibi, so the matter was presented to the jury for its consideration.[7]

The failure to fully interview witnesses was the fourth ground raised by Maxwell and dismissed by the magistrate. Records of whom counsel had interviewed were poor, and the passage of time made it difficult for attorney Irwin to recall all the witnesses contacted. However, Irwin recalled interviewing several persons. He decided to have some of them not testify because of inconsistencies in their stories and other problems with their testimony. The magistrate found that it was within the trial counsel's discretion to not further investigate some of these persons. Furthermore, in light of the inconsistencies in some of the witnesses' statements, the magistrate

2. The Honorable Robert W. Faulkner, United States Magistrate for the Eastern District of Arkansas.

3. The money seized from petitioner's home under the search warrant consisted of three $20 bills, twenty-four $10 bills, fifteen $5 bills, seventeen $1 bills, a brown sack containing quarters, dimes, nickels and pennies, and a cardboard box containing nickels and pennies.

4. Maxwell's attorney, Robert E. Irwin, testified at the hearing before the magistrate. He stated that his files concerning Maxwell's case had been lost in a flood but that he had had access to the trial transcript before testifying at the hearing.

5. Attorney Irwin testified that although Maxwell's co-defendant was tried separately, the attorneys for the two defendants worked together on certain aspects of the cases including the successful motion to quash the first jury panel.

6. Attorney Irwin testified he did not want to delay the trial. He wanted his client Maxwell to be tried first because he knew that co-defendant Harris had made a confession implicating Maxwell and if Harris was found guilty, he might testify against Maxwell.

7. See note 3 supra.

found that it was not ineffective assistance of counsel for the attorney to decide not to have some of these witnesses testify. In addition, the magistrate concluded that Maxwell had not shown prejudice in the failure of counsel to prepare, interview, or present all the suggested witnesses.

■ The district court, in summarizing the ineffective assistance of counsel claim, stated, "[b]ased on the record as a whole, the Court cannot say that the trial counsel's conduct of the case amounted to less than the customary skill and diligence of a reasonably competent attorney under similar circumstances as required by *Pinnell v. Cauthron*, 540 F.2d 938, 939 (8th Cir. 1976)." We agree with the district court's holding that:

> There are aspects of Mr. Irwin's trial preparation which are perhaps subject to criticism. His alleged failure to interview and subpoena several alleged alibi witnesses is somewhat troublesome. Yet, no prejudice was shown in that none of these people was called to testify at the Magistrate's hearing, and Mr. Irwin indicated there was a problem, as he recalled, with conflicts in the supposed alibi testimony.

■ The other issue raised on appeal is whether the district court erred in dismissing Maxwell's Fourth Amendment claim on the basis that *Stone v. Powell*, 428 U.S. 465,

481–82, 96 S.Ct. 3037, 3046, 49 L.Ed.2d 1067 (1976), barred it. Maxwell argues that the police used the wrong warrant to search his house[8] and therefore the search was warrantless. He further asserts that there were not sufficient grounds to justify a warrantless search. The district court ruled, "[i]n this case it is clear from the record that the trial court and the Arkansas Supreme Court both addressed the legality of the warrant."[9] He therefore had the "full and fair" review required by *Stone v. Powell, supra.*

We agree with the district court's holding that Maxwell is barred from raising this issue in a habeas corpus action.[10] *Id.* at 481–82, 96 S.Ct. at 3046; *Stocker v. Hutto*, 547 F.2d 437 (8th Cir. 1977); *Rigsbee v. Parkinson*, 545 F.2d 56 (8th Cir. 1976). Where a state supreme court has fully reviewed an issue of this nature, we hold that subsequent collateral attack in a habeas corpus petition is fully precluded.[11]

Affirmed.

---

**8.** Maxwell claims the search was made pursuant to a warrant issued for his co-defendant's home. The district court noted, "this is contrary to the express written finding of the Arkansas Supreme Court that, 'This was the house [petitioner's] for which the search warrant was issued and from which the incriminating evidence was seized.' *Maxwell v. State*, [259 Ark. 86, 531 S.W.2d 468, 471]. This finding is presumed to be correct * * *." *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981).

**9.** The state trial transcript reveals that Sergeant Baker testified that the search warrant was properly executed but the return for the articles seized was completed on the search warrant for the home of Maxwell's co-defendant through oversight.

**10.** [W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not

require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. *Stone v. Powell*, 428 U.S. 465, 482, 96 S.Ct. 3037, 3046, 49 L.Ed.2d 1067 (1976) (footnote omitted).

**11.** Petitioner also argues that the district court and magistrate erred in denying Maxwell's untimely request for leave to amend his pleading to fashion this Fourth Amendment claim in the form of an ineffective assistance of counsel challenge. We must apply an abuse of discretion standard in reviewing denial of such a motion. We find no such abuse of discretion in this case. In any event, the district court considered the search warrant issue as a part of the ineffective assistance of counsel claim and rejected it.