**UNITED STATES of America, Plaintiff,**

v.

**Don Lewis CHURCH, Defendant.**

**Crim. No. 83–50022–01.**

United States District Court,
W.D. Arkansas,
Fayetteville Division.

May 18, 1984.

W. Asa Hutchinson, U.S. Atty., Fort Smith, Ark., for plaintiff.

James F. Dickson and W.B. Putman, Fayetteville, Ark., for defendant.

### MEMORANDUM OPINION

H. FRANKLIN WATERS, District Judge.

Defendant, Don Lewis Church, a/k/a David Cooper, who was a fugitive from justice at the time, wanted in California for the alleged bombing of a Bank of America facility in 1972, was indicted by a federal grand jury for the Western District of Arkansas on three counts of violating 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 844(a) (possession with intent to distribute controlled substances). After evidentiary hearings were held on defendant's motion to suppress evidence obtained at and prior to his arrest, the court, by orders dated February 1 and 15, 1984, suppressed sub-

stantially all of the evidence which the government had against Mr. Church. The facts leading to the court's action and the court's reasons for doing so are set forth in its opinion filed February 1, 1984. 581 F.Supp. 260 (W.D.Ark.1984).

As stated in its opinion, the court felt that it had no choice but to suppress the evidence because of the opinion of the United States Court of Appeals for the Eighth Circuit in *United States v. Jacobsen*, 683 F.2d 296 (8th Cir.1982), a case which was unquestionably on all fours with the facts in this case.

Subsequent to the court's orders suppressing the evidence, the government, on February 28, 1984, took an interlocutory appeal to the Court of Appeals for the Eighth Circuit. Then, on April 2, 1984, the United States Supreme Court, which earlier granted certiorari in the *Jacobsen* case, reversed it, —— U.S. ——, 104 S.Ct. 1652, 80 L.Ed.2d 85. After the reversal, the Court of Appeals, by order dated April 19, 1984, remanded this case to this court "for further consideration in the light of *Jacobsen*."

As a mere reading of this court's opinion issued when the evidence was quashed makes abundantly clear, the court's action resulted wholly from its belief that the decision of the Court of Appeals for the Eighth Circuit in *Jacobsen*, a case clearly binding on this court, left it no choice. The facts of *Jacobsen* were almost identical with the facts of this case.

It is equally clear that the Supreme Court's decision in *Jacobsen*, if it is to be applied retroactively, mandates that the court's earlier orders suppressing the evidence be rescinded and the government be allowed to pursue its case against Church and to allow it to use the evidence obtained under the circumstances described in the court's earlier opinion in this case. In fact, defendant does not contend otherwise. Instead, he argues that because the Supreme Court's reversal in *Jacobsen* "overruled the clear past precedent of the Eighth Circuit" it should not be applied retroactively, *citing United States v. Johnson*, 457 U.S.

537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982); *Stocker v. Hutto*, 547 F.2d 437 (8th Cir. 1977); and *Rose v. Engle*, 722 F.2d 1277 (6th Cir.1983).

The court believes that none of these decisions even arguably supports the position that the defendant takes. In fact, the contrary is true.

In *Johnson, supra,* the Supreme Court held that *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), in which the Court held that the Fourth Amendment prohibits a warrantless and nonconsensual entry into a suspect's home to make a routine felony arrest, is to be applied retroactively to all cases not final at the time it was decided. Justice Blackmun, writing for a five-judge majority, traced the rather tortuous route that this question has taken in the United States Supreme Court. After doing so, the Court, in an apparent attempt to "make some sense" out of the seemingly conflicting opinions in this respect, held that three principles should be considered in determining whether a particular case should be applied retroactively: (1) when a Supreme Court decision merely applies settled precedent to new and different factual situations, the decision is applied retroactively; (2) when a Supreme Court decision establishes a rule of criminal procedure that is a "clear break with the past," the decision is not retroactive; and (3) when a Supreme Court decision rules that a trial court lacked the authority to convict or punish a criminal defendant, the decision is retroactive.

In order to decide this case, the court does not believe that it is necessary for it to engage in nearly as complex an analysis as the Court did in *Johnson, supra*. This is true because, in the court's view, the *Jacobsen* case obviously fits into the first category enumerated by the Supreme Court in *Johnson* —it is simply a new decision applying settled precedents to new and different factual situations. This is evident from language contained in the Court's opinion in *Jacobsen:*

The agent's viewing of what a private party had freely made available for his inspection did not violate the Fourth Amendment. See *Coolidge v. New Hampshire*, 403 U.S. 443, 487–90 [91 S.Ct. 2022, 2048–50, 29 L.Ed.2d 564] (1971); *Burdeau v. McDowell*, 256 U.S. 465, 475–76 [41 S.Ct. 574, 576, 65 L.Ed. 1048] (1921).

\*　\*　\*　\*　\*　\*

This conclusion is dictated by *United States v. Place*, 462 U.S. [——, 103 S.Ct. 2637, 77 L.Ed.2d 110] (1983) .... Here, as in *Place*, the likelihood that official conduct of the kind disclosed by the record will actually compromise any legitimate interest in privacy seems much too remote to characterize the testing as a search subject to the Fourth Amendment.

The court believes that the quotes from *Jacobsen* set forth above clearly show that the United States Supreme Court did not believe that its opinion in *Jacobsen* is a sharp break with the past, but, on the contrary, is simply a new decision applying settled principles to new and different factual situations.

Even if that is not the case, it cannot be said that *Jacobsen* announced entirely new and unanticipated principles of law. In *Johnson, supra*, 457 U.S. at 551, 102 S.Ct. at 2588, the Court said:

> By the same token, however, *Payton* also did not announce an entirely new and unanticipated principle of law. In general, the Court has not subsequently read a decision to work a "sharp break in the web of the law," *Milton v. Wainwright*, 407 U.S. 371, 381, n. 2 [92 S.Ct. 2174, 2180, n. 2, 33 L.Ed.2d 1] (1972) (Stewart, J., dissenting), unless that ruling caused "such an abrupt and fundamental shift in doctrine as to constitute an entirely new rule which in effect replaced an older one," *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481, 498 [88 S.Ct. 2224, 2234, 20 L.Ed.2d 1231] (1968). Such a break has been recognized only when a decision explicitly overrules a past precedent of

this Court, see, *e.g.*, *Desist v. United States*, 394 U.S. 244 [89 S.Ct. 1030, 22 L.Ed.2d 248] (1969); *Williams v. United States*, 401 U.S. 646 [91 S.Ct. 1148, 28 L.Ed.2d 388] (1971), or disapproves a practice in this Court arguably has sanctioned in prior cases, see, *e.g.*, *Gosa v. Mayden*, 413 U.S., [665] at 673 [93 S.Ct. 2926 at 2932, 37 L.Ed.2d 873 (1973)] (plurality opinion]; *Adams v. Illinois*, 405 U.S., [278] at 283 [92 S.Ct. 916 at 919, 31 L.Ed.2d 202 (1972)]; *Johnson v. New Jersey*, 384 U.S., [719] at 731 [86 S.Ct. 1772 at 1779, 16 L.Ed.2d 882 (1966)] or overturns a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved. See, *e.g.*, *Gosa v. Mayden*, 413 U.S., at 673 [93 S.Ct. at 2932] (plurality opinion) (applying nonretroactively a decision that "effected a decisional change in attitude that had prevailed for many decades"); *Stovall v. Denno*, 388 U.S. [293] at 299–300 [87 S.Ct. 1967 at 1971–1972, 18 L.Ed.2d 1199 (1967)]. See also *Chevron Oil Co. v. Huson*, 404 U.S. 97, 107 [92 S.Ct. 349, 355, 30 L.Ed.2d 296] (1971); *Cipriano v. City of Houma*, 395 U.S. 701 [89 S.Ct. 1897, 23 L.Ed.2d 647] (1969); *Milton v. Wainwright*, 407 U.S., at 381–382, n. 2 [92 S.Ct. at 2179–2180, n. 2] (Stewart, J., dissenting) ("sharp break" occurs when "decision overrules clear past precedent ... or disrupts a practice long accepted and widely relied upon").

*Payton* did none of these. *Payton* expressly overruled no clear past precedent of this Court on which litigants may have relied. Nor did *Payton* disapprove an established practice that the Court had previously sanctioned.

Likewise, *Jacobsen* did none of these. It overruled nothing other than the Court of Appeals decision in the same case. In fact, the Court of Appeals, in reaching its decision in *Jacobsen*, relied heavily upon and believed it was bound by the Court's holding in *Walter v. United States*, 447 U.S. 649, 100 S.Ct. 2395, 65 L.Ed.2d 410 (1980).

Not only did the Supreme Court fail to reverse *Walter* in the *Jacobsen* decision, it cited it in support of its conclusion that the governmental search must be tested by the scope of the antecedent private search. Nor did the decision overturn a long-standing and widespread practice to which the Court had not spoken, but which a near unanimous body of lower court authority had expressly approved. As this court pointed out in its original opinion in this case, not all courts had read *Walter* as did the Court of Appeals for the Eighth Circuit. *United States v. Barry,* 673 F.2d 912 (6th Cir.1982), *cert. denied,* 459 U.S. 927, 103 S.Ct. 238, 74 L.Ed.2d 188; *People v. Adler,* 50 N.Y.2d 730, 431 N.Y.S.2d 412, 409 N.E.2d 888 (1980), *cert. denied,* 449 U.S. 1014, 101 S.Ct. 573, 66 L.Ed.2d 473. In short, the *Jacobsen* decision was not a "sharp break" which occurs when "a decision overrules clear past precedent ... or disrupts a practice long accepted and widely relied upon."

All that the Court did in *Jacobsen* was rule that the Court of Appeals for the Eighth Circuit had misconstrued its prior decisions and had misapplied the law to the facts of that case. Thus, *Jacobsen* is not a case which should be applied only prospectively.

In his letter brief, defendant takes the position that *Jacobsen* should not be applied retroactively because the Supreme Court "overruled the clear past precedent of the Eighth Circuit." That is simply not the law and there is absolutely no merit in such argument. If that were the law, it would mean that almost no opinion in which the United States Supreme Court overrules a lower court decision would apply retroactively in that circuit since, presumably in almost every case where a circuit court is reversed, it would result in the overruling of a clear precedent of that circuit. That would result in constitutional rights and other rights being applied differently to exactly the same circumstances in different circuits. That cannot be the law.

In short, what Church really argues is that what the Supreme Court says in *Ja-*

*cobsen* has always been the law in respect to the facts of his case, should not be applied to him because the Court of Appeals for the Eighth Circuit did not understand that to be the law. He argues that that was not the law in the Eighth Circuit until after *Jacobsen* and that he was arrested before *Jacobsen* was decided. Jacobsen was also arrested before *Jacobsen* was decided, and as the Court pointed out in *Johnson, supra,* 457 U.S. at 555, 102 S.Ct. at 2591, if the Court were to accept defendant's argument, it would result in the Court meting out "different constitutional protection to defendants simultaneously subjected to identical police conduct."

The court's orders of February 1 and February 15, 1984, suppressing evidence obtained by authorities prior to and at the time of defendant's arrest will be rescinded and the government will be allowed to proceed with its case against defendant if it desires.